Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| PATRICIA CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  22SL-CC04109 |
| | ) | |
| MERCY HOSPITAL ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE TO STATE COURT OF NOTICE OF REMOVAL**

TO:   The Clerk of the Circuit Court of St. Louis County, Missouri

PLEASE TAKE NOTICE that on this 21st day of October, 2022, Defendant Mercy Hospital St. Louis caused this action to be removed to the United States District Court for the Eastern District of Missouri.  A copy of the Notice of Removal is attached hereto. This notice is being provided pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

 /s/ James M. Paul
James M. Paul, MO 44232
Thomas R. Chibnall, MO 67994
7700 Bonhomme Avenue, Suite 650
St. Louis MO,  63105
Telephone:  314.802.3935
Facsimile:  314.802.3960
james.paul@ogletree.com
thomas.chibnall@ogletree.com

**ATTORNEYS FOR DEFENDANT**

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022, I electronically filed the above and foregoing document using the Court's e-filing system, which sent notification to the following, and sent a copy via U.S. Mail, to:

Joseph A. Ott
Mark E. Blankenship Jr.
OTT LAW FIRM
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

/s/ James M. Paul
An Attorney for Defendant

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:22-CV-01113 |
| | ) | |
| MERCY HOSPITAL ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Mercy Hospital St. Louis[1] ("Defendant" or "Mercy") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, State of Missouri.  In support of its Notice of Removal, Defendant states as follows:

1.     The action styled *Patricia Conway v. Mercy Hospital St. Louis*, Case No. 22SL-CC04109, was filed in the Circuit Court of St. Louis County, State of Missouri, on or about September 20, 2022 (the "Petition").

2.     Defendant Mercy Hospital St. Louis was served with a summons and a copy of Plaintiff's Petition for Damages on September 26, 2022 (hereinafter the "Complaint").

3.     This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

---

[1] "Mercy Hospital St. Louis" is actually only a d/b/a of Mercy Hospitals East Communities. Furthermore, MHM Support Services is the entity that directly employed Plaintiff Conway and the proper defendant in this matter.

1

4.       Venue of this civil action is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a) because Plaintiff filed her Petition in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District's jurisdiction.

5.       The state court action is removable because this Court has jurisdiction based on federal question.

6.       In her Complaint, Plaintiff purports to bring claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").

7.       Under 28 U.S.C. § 1441(a), claims or causes of action presented in state court proceedings where the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States are removable without regard to the citizenship of the parties.

8.       Plaintiff's Complaint asserts a claim arising under federal law, i.e., Title VII. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and removal of this action is authorized by 28 U.S.C. § 1441. *See Parks v. Barnes-Jewish Hosp.*, 2021 WL 4635163 (E.D. Mo. Feb. 9, 2021) (Title VII claims may be removed to federal court).

9.       Defendant properly removes this case to federal court pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint asserts claims arising under federal law.

10.       Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice to Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

11.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant and those retrieved by the undersigned counsel from Missouri Case.Net are attached to this Notice as ***Exhibit A***.

WHEREFORE, Defendant Mercy Hospital St. Louis, by and through its counsel, desiring to remove this civil action of the United States District Court for the Eastern District of Missouri, Eastern Division, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ James M. Paul*
James M. Paul, MO 44232
Thomas R. Chibnall, MO 67994
7700 Bonhomme Avenue, Suite 650
St. Louis MO, 63105
Telephone: 314.802.3935
Facsimile: 314.802.3960
james.paul@ogletree.com
thomas.chibnall@ogletree.com

**ATTORNEYS FOR DEFENDANT**

3

Electronically Filed - St. Louis County - October 21, 2022 - 11:01 AM

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 21, 2022, I electronically filed the above and foregoing document using the Court's e-filing system, which sent notification to the following, and sent a copy via U.S. Mail, to:

Joseph A. Ott
Mark E. Blankenship Jr.
OTT LAW FIRM
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

/s/ James M. Paul
An Attorney for Defendant

Electronically Filed - St. Louis County - October 21, 2022 - 11:01 AM

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PATRICIA CONWAY

**(b)** County of Residence of First Listed Plaintiff   St. Louis County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ott Law Firm, 3544 Oxford Blvd., Maplewood, MO 63143;
314-293-3756

## DEFENDANTS

MERCY HOSPITAL ST. LOUIS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Ogletree Deakins Nash Smoak & Stewart, P.C., 7700 Bonhomme Ave., Ste. 650, St. Louis, MO 63105 (314) 802-3935

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district *(specify)*

☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq

Brief description of cause:
Religious Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE                            DOCKET NUMBER

DATE
10/21/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ James M. Paul

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity**.    Example:        U.S. Civil Statute: 47 USC 553
                             Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

PATRICIA CONWAY )
)
, )
)
Plaintiff, )
)
v. ) Case No. 4:22-CV-01113
MERCY HOSPITAL ST. )
LOUIS )
, )
)
Defendant, )
)

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS
PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____
AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY
PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS _____ AND
THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY,
THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT
COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE
MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 10/21/2022                    /s/ James M. Paul
_____            _____
                                   Signature of Filing Party

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM





| Judicial Links | | eFiling | | Help | | Contact Us | | Print | | GrantedPublicAccess  Logoff JIM_MICHAEL |

## 22SL-CC04109 - PATRICIA CONWAY V MERCY HOSPITAL ST LOUIS (E-CASE)

| Case<br>FV  Judge Views | Parties &<br>Attorneys | Docket<br>Entries | Charges, Judgments<br>& Sentences | Service<br>Information | Filings<br>Due | Scheduled<br>Hearings & Trials | Civil<br>Judgments | Garnishments/<br>Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending

Display Options: [All Entries ▾]

---

**09/21/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-7731, for MERCY HOSPITAL ST LOUIS. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

---

**09/20/2022** ☐ **Filing Info Sheet eFiling**
　　**Filed By:** MARK EDWARD BLANKENSHIP

　　☐ **Entry of Appearance Filed**
　　Entry of Appearance JAO.
　　　**Filed By:** MARK EDWARD BLANKENSHIP
　　　**On Behalf Of:** PATRICIA CONWAY

　　☐ **Entry of Appearance Filed**
　　Entry of Appearance MEB.
　　　**Filed By:** MARK EDWARD BLANKENSHIP

　　☐ **Motion Special Process Server**
　　Request for Appointment of Process Server.
　　　**Filed By:** MARK EDWARD BLANKENSHIP

　　☐ **Pet Filed in Circuit Ct**
　　Petition; EEOC Right to Sue Letter.
　　　**Filed By:** MARK EDWARD BLANKENSHIP

　　☐ **Judge Assigned**
　　DIV 21

---

Case.net Version 5.14.58　　　　Return to Top of Page　　　　Released 08/24/2022

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**22SL-CC04109**

**MISSOURI CIRCUIT COURT**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY CIRCUIT CLERK**

PATRICIA CONWAY         )
         )
         Petitioner,     )
         )    Case No:
vs.         )
         )
MERCY HOSPITAL ST. LOUIS  )    **JURY TRIAL DEMANDED**
         )
         Serve at:     )
         )
         615 S New Ballas Rd  )
         Saint Louis, MO 63141 )
         )
         Respondent.   )

**PETITION**

COMES NOW Petitioner Patricia Conway, by and through her undersigned attorney, and for her Petition states as follows:

1.     Petitioner is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and an individual over the age of 21 years.

2.     Mercy Hospital St. Louis (hereinafter "Mercy Hospital") is, and was at all times relevant herein, a corporation licensed to do business in Missouri.

3.     From January 2006 to July 2015, Patricia Conway was employed as a registered nurse at Mercy Hospital (Jan 2006 - July 2015 (9.5 years). She took 2 years off to pursue accounting, and then eventually came back to work at Mercy Hospital as a registered nurse between July 2017 and October 1, 2021.

4.     On July 07, 2021, Conway received an email from Lynn Britton, President and CEO of Mercy Hospital, announcing vaccine mandate. During that month, Petitioner additionally received an email from Unit Managers regarding details of vaccine mandate, a copy of

Mandatory COVID-19 Vaccination Policy & FAQ Mercy Hospital, last revised 7/7/21, and a copy of request for Religious Exemption forms.

5.      On July 29, 2021, Conway completed and submitted her request for religious exemption on 7/29/21, which was administered electronically through a third-party application that Mercy Hospital's Human Resources Department utilized. In her application, she included a letter, a minister's testament, copy of the Dept of Justice, EEOC.

6.      Upon filing her request, she then received an automated reply email from Mercy confirming the submission of my request.

7.      On August 2, 2021, Petitioner received an email stating that her religious exemption request was denied.

8.      Petitioner had no further conversations with a member of management at Mercy Hospital until September 24, 2021, approximately 8:00 pm while at work. The manager of Mercy Children's Hospital Jenny Schwartz called her asking if she had received the vaccine or planned to. Petitioner informed her that she would not be complying. Schwartz stated that she understood and informed Conway that she would still receive her PTO and that she would continue to work until after her scheduled shift the night of September 30, 2021. She also stated that one of the unit managers or herself would be in contact with her prior to the 30th to go over the details regarding pay and insurance.

9.      Conway never heard from either of the unit managers Shayla Gordon or Becky Allen that week. Conway did reach out to a Supervisor Amber Yount, the night before her last shift to request that her final assignment be in her pod.

10.     On the morning of October 1, 2021, approximately 7:30 am, Conway was giving a report to the oncoming nurse. She then received a call from Becky Allen, who stated she wasn't

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

sure how she was to handle this and asked if we could touch base on the following Monday. She then asked Conway if she was quitting? She stated she was aware that Conway had talked to another nurse and expressed to her that the 30th would be her last shift. Conway replied no, and explained that she was only following the policy that Mercy has set in place. Conway did not hear from her again until the next week.

11.     On Monday, October 4, 2021, at 4:04 pm, Conway then spoke with Allen for 18 minutes, who informed her Conway that she would be receiving letters from HR regarding the details of the termination. Allen also indicated that the two would touch base towards the end of the month about arranging for a time to return her badge.

12.     Conway had a discussion with her regarding her concerns and frustration of learning just a few days before September 30, that one nurse in the unit did receive a religious exemption, while a few others and her were denied. The one nurse that did receive a religious exemption was not Catholic.

13.     Allen could not explain why, stating maybe it is just different people that process the request. Conway had no other contact from NICU management since that conversation.

14.     In addition, employees were initially informed that employees were given the opportunity for an appeal regarding the denial of their religious exemption. This was information as well as the vaccine mandate was presented to all employees via a webinar video created by doctors and human resources staff at Mercy Hospital. However, no opportunity was offered to Conway at any point in time.

15.     During Conway's unemployment hearing on December 8, 2021, HR at Mercy Hospital stated that they did not have any knowledge of her religious exemption, nor did they have her religious exemption application in their possession, despite Conway's confirmation

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

email of her religious exemption request through the required online portal and instructions given by Mercy Hospital.

16.     On January 2022, Petitioner Conway filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC), as well as to the Missouri Commission on Human Rights (MCHR). Exhibit A, Charge of Discrimination.

17.     On March 31, 2022, the MCHR mailed a letter to Conway, indicating that their investigation into her case was being terminated, because MCHR lacked jurisdiction over her matter against Mercy Hospital. The MCHR's reasoning was that Mercy Hospital was owned and or operated by a religious or sectarian group, thus exempted from coverage under the Missouri Human Rights Act (MHRA). Exhibit B, Letter re Notice of Termination of Proceedings.

### COUNT I: Violation of Title VII, 42 U.S.C. § 2000e, et seq. Religious Discrimination—Retaliation

18.     Plaintiff restate the foregoing paragraphs as if set forth fully herein.

19.     Title VII prohibits Mercy Hospital from retaliating against an employee for engaging in protected activity. See *Boston v. U.S. Steel Corp*., 816 F.3d 455, 464-65 (7th Cir. 2016).

20.     Plaintiff engaged in protected activity when they requested (or sought to request) religious accommodations from Mercy's vaccine mandate.

21.     Not only were Plaintiff's accommodations denied, but Plaintiff was never given the opportunity to appeal the decision, despite such appeal process being available, as indicated by Mercy.

22.     Mercy's Human Resources team acknowledged during Plaintiff's unemployment hearing with the Missouri Division of Unemployment that they had no knowledge of Plaintiff's accommodation, Plaintiff's religious beliefs.

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

23. Applications are submitted through a separate online platform/application. The lack of face-to-face or telephonic communication with requesters about the circumstances in which they work or other relevant matters raises an inference that little or no inquiry or individualized evaluation was given to the requests.

24. Mercy's "voluntarily resign" ploy is further evidence of the lack of good faith inherent in Mercy's handling of its vaccine mandate exemption process.

25. These actions did, and were intended to, coerce Plaintiff and other employees to either forgo their religious beliefs and receive the COVID-19 vaccine or abandon or not fully document their applications for religious exemption.

26. Mercy's cumbersome, chaotic, and confusing religious exemption process constituted retaliation towards associates seeking religious exemptions.

27. Plaintiff's religious beliefs and her protected activity of seeking a religious exemption were the causes of Mercy's adverse employment actions.

28. By retaliating against Plaintiff for engaging in protected activity, i.e., filing requests for religious exemption and seeking accommodation, Mercy has violated Title VII. This violation has harmed and continues to harm Plaintiff.

WHEREFORE Petitioner Conway requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Mercy Hospital, Inc., attorneys fees, and for any other relief as may be just and proper under the circumstances.

## COUNT II: Violation of Title VII, 42 U.S.C. § 2000e, et seq. Religious Discrimination— Direct and Indirect Methods

29. Pursuant to 42 U.S.C.A. § 2000e-2(a)(1) it is "an unlawful employment practice for an employer. . . to discharge any individual . . . because of such individual's . . . religion[.]"

30.     The Supreme Court has observed that this "intentional discrimination provision prohibits certain motives, regardless of the state of the actor's knowledge," *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015), and that "Title VII does not demand mere neutrality with regard to religious practices [of employees]—that they be treated no worse than other practices. Rather, it gives them favored treatment[.]" *Id*. at 775. 846. "Title VII has been interpreted to protect against requirements of religious conformity and as such protects those who refuse to hold, as well as those who hold, specific religious beliefs." *See E.E.O.C. v. United Health Programs of Am., Inc.*, 213 F. Supp. 3d 377, 391 (E.D.N.Y. 2016) (citation omitted).

31.     Therefore, Title VII will support a claim for "reverse religious discrimination: that defendants subjected claimants to discrimination by imposing religious practices and beliefs on claimants." *Abercrombie & Fitch Stores*, 575 U.S. at 848. "Title VII . . . protects employees from discrimination because they do not share their employer's religious beliefs." *United Health Programs, 213 F. Supp. 3d* at 392. Thus, for example, "[a]n employer discriminating against any nonCatholic violates the anti-discrimination laws no less than an employer discriminating only against one discrete group[.]" *See e.g. Mandell v. Cty. of Suffolk*, 316 F.3d 368, 378 (2d Cir. 2003).

32.     In *Applegate et al v. St. Vincent, Inc.*, 1:22-cv-01097-TWP-DML (S.D. Ind. 2022), Plaintiffs filed a class action lawsuit against Indianapolis-based Ascension St. Vincent and its parent company, St. Louis-based Ascension Health, alleging that their vaccine mandate policies and procedures were discriminatory on the basis of religion. Plaintiffs cite that Ascension Health's President and CEO stated in official communications to all Ascension Health associates that they had a "Catholic . . . moral imperative" to "increase[e] the utilization rate of COVID-19 vaccination" and that Ascension Health's vaccine mandate furthers this goal. Plaintiffs in *Applegate* further argued Ascension Health's effort to impose an allegedly "Catholic . . . moral

imperative" upon employees and require them to set aside their personal religious beliefs on pain and penalty of losing employment was overtly discriminatory.

33.     Like in *Applegate*, Defendant Mercy Hospital is a Catholic-inspired hospital.

34.     Defendant Mercy Hospital similarly attempts to assert their own "moral imperative" onto employees regarding the vaccine in such a way that induces them to set aside their personal religious beliefs on pain and penalty of losing employment, while operating under the "guise" of being held out as a religious organization.

35.     Under Title VII, a qualifying religious organization may defend against a claim of discrimination or retaliation by showing that it made the challenged employment decision on the basis of religion. An entity can only avail itself to the "religious organization" exemption if its "purpose and character are primarily religious." The EEOC will consider the facts on a case-by-case basis, and no single factor is dispositive in determining if an entity is a religious organization under the exemption.[1]

36.     Not only does Mercy Hospital believe that one's health, well-being, and development is important to their employees, and that they are equally valued, but Mercy Hospital also emphasizes importance in diversity and inclusion.

37.     Mercy Hospital does not merely hire Catholics. Mercy Hospital does not request that employees practice Catholicism in order to be employed at their hospital, nor do they require employees to undergo religious curriculum or regularly hold prayer or other religious activities in order to work for the hospital.

---

[1] Factors may include: (1) whether the entity operates for a profit; (2) whether it produces a secular product; (3) whether the entity's articles of incorporation or other pertinent documents state a religious purpose; (4) whether it is owned, affiliated with or financially supported by a formally religious entity such as a church or synagogue; (5) whether a formally religious entity participates in the management, for instance by having representatives on the board of trustees; (6) whether the entity holds itself out to the public as secular or sectarian; (7) whether the entity regularly includes prayer or other forms of worship in its activities; (8) whether it includes religious instruction in its curriculum, to the extent it is an educational institution; and (9) whether its membership is made up of coreligionists.

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

38.     Mercy Hospital employs many individuals on a wide variety of religious denominations. In fact, Defendant Mercy Hospital states on the Careers page of their website:

> We're proud to create a culture that cherishes every person in the image of God. We believe the diversity of race, gender, sexual orientation, ***religion***, ethnicity, nationality, status as a protected veteran and ***any other unique characteristics that make us who we are should have nothing to do with our hiring practices. Join us on our journey to continue fostering an environment where inclusion is valued and leveraged***.

39.     Mercy Hospital is a for profit hospital that provides healthcare to both religious and nonreligious individuals. While they believe that their advocacy activities flow from Catholic social teachings, Mercy Hospital asserts that they work toward assuring the rights of each person for those things necessary for the proper quality of life and challenge others to join us in assuming responsibility for helping to meet social needs. These values are not only welfarist in nature but are attributes that are expected from a hospital. Thus, Mercy Hospital cannot successfully argue that their purpose and character is "primarily religious."

40.     Furthermore, by choosing certain religious exemption requests over others and by coercing its employees into taking a vaccine that is against their sincere religious beliefs, Mercy Hospital leverages "inclusion" in order to have employees conform to Mercy Hospital's rules and policies that forfeit their religious beliefs, or else they lose their jobs. By doing so, Mercy Hospital fails to equally value one's health, well-being, and development.

41.     Mercy Hospital falsely claimed that applicants whose religious exemptions were initially denied are allowed to appeal their decision.

42.     The totality of the circumstances related to Mercy Hospital's cumbersome, chaotic, and confusing religious exemption process also supports an inference of religious discrimination.

43.     Due to the swift rejection of Plaintiff's request for accommodations and religious exemption, the granting of requests from individuals who hold other religious beliefs, and Human Resource's lack of knowledge regarding her application, an individualized assessment should have been conducted, and indeed was required by Title VII to have been conducted but was not.

44.     It is reasonable to infer from the totality of the circumstances that Mercy Hospital did not bother engaging in an interactive process with those seeking religious exemption because Mercy Hospital intended to discriminate against those seeking religious exemptions and never intended to provide them with a reasonable accommodation.

45.     Mercy Hospital discriminated against Plaintiff by failing to grant her religious exemptions and then forcing them to either undergo the vaccine or be forced to resign.

46.     By discriminating against Plaintiff because of her sincerely held religious beliefs and her decision to apply for religious exemptions, Mercy Hospital violated Title VII, and this violation has harmed and continues to harm Plaintiff Conway.

47.     Plaintiff filed her charge with the EEOC complaining of these unlawful actions.

WHEREFORE Petitioner Conway requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Mercy Hospital, Inc., attorneys fees, and for any other relief as may be just and proper under the circumstances.

## COUNT III: Violation of Title VII, 42 U.S.C. § 2000e, et seq. Religious Discrimination— Failure to Accommodate Plaintiff

48.     Plaintiff restate the foregoing paragraphs as if set forth fully herein.

49.     Title VII prohibits Mercy Hospital from discriminating against employees based on their religion. This "include[s] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's . . .

religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

50.     "The intent and effect of this definition was to make it an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

51.     The employer must carry the burden of proving undue hardship. 42 U.S.C. § 2000e(j); EEOC Religious Accommodation Regulation, 29 C.F.R. § 1605.2(b) and (c)(1).

52.     With regards to Plaintiff's request for accommodations and religious exemption, no justification was provided beyond Mercy Hospital's mere denial and demand to comply with the vaccination requirement by the given deadline.

53.     The undue hardship analysis requires an employer to engage in an individualized assessment of each employee's circumstances. This is clear from the statutory language requiring the employer to demonstrate inability to "reasonably accommodate an employee's . . . religious observance or practice without undue hardship." 42 U.S.C. § 2000e(j) (emphasis added). The reference to "an employee's" makes clear that the undue hardship analysis is to be unique to the employee and to that employee's circumstances.

54.     "A mere assumption that many more people, with the same religious practices as the person being accommodated, may also need accommodation is not evidence of undue hardship." EEOC Religious Accommodation Regulation, 29 C.F.R. § 1605.2(c) (1).

55.     There is nothing which suggests to Plaintiff that the statutorily required individualized assessment of undue hardship was undertaken by Mercy Hospital, let alone that any assessment of her circumstances was accurate. Further, Mercy Hospital's failure to engage in an

interactive process and conduct individualized assessments demonstrates that the statutory process for determining undue hardship was not followed by Mercy Hospital.

56.     The foregoing demonstrates that Mercy Hospital's approach was procedurally flawed.

57.     "An employer must . . . present evidence of undue hardship" and not "rely merely on speculation," *See Smith v. Pyro Min. Co.*, 827 F.2d 1081, 1085–86 (6th Cir. 1987).

58.     Undue hardship analysis must start with an analysis of proposed accommodations, to which Mercy Hospital failed at conducting.

59.     An employer violates Title VII if it fails to attempt an accommodation after accommodation is requested. *E.E.O.C. v. Arlington Transit Mix, Inc.*, 957 F.2d 219, 222 (6th Cir. 1991) ("[a]fter failing to pursue [a voluntary waiver of seniority rights] or any other reasonable accommodation, the company is in no position to argue that it was unable to accommodate reasonably [plaintiff's] religious needs without undue hardship."); *E.E.O.C. v. Ithaca Indus., Inc.*, 849 F.2d 116 (4th Cir. 1988) cert denied 488 U.S. 924 (1988) (same).

60.     An employer must demonstrate attempted accommodation before it claims undue hardship as a defense. *See, e.g., Redmond v. GAF Corp.*, 574 F.2d 897, 901-2 (7th Cir. 1978); *Shaffeld v. Northrop Worldwide Aircraft Serv. Inc.*, 373 F. Supp. 937, 944 (M.D. Ala. 1974).

61.     It is clear Mercy Hospital could have considered accommodations beyond even those mitigation measures that are already in place, and there are reasonable accommodations Mercy Hospital could have implemented to accommodate Plaintiff.

62.     In May 2021, the EEOC issued guidelines addressing the COVID-19 vaccines and rights and obligations of employers, titled "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws – Technical Assistance Questions and

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

Answers" (hereafter "EEOC COVID-19 Guidance"). The EEOC COVID-19 Guidance provides "examples of reasonable accommodations or modifications that employers may have to provide to employees who do not get vaccinated due to disability; religious beliefs, practices, or observance; or pregnancy." Reasonable accommodations the EEOC has identified as potentially not imposing an undue hardship on the employer include requiring the unvaccinated employee entering the workplace to:

    a.  wear a face mask,

    b.  work at a social distance,

    c.  work a modified shift,

    d.  get periodic tests for COVID-19,

    e.  be given the opportunity to telework, or

    f.  accept a reassignment.

63. For over a year, Mercy Hospital has had the opportunity to test many relevant accommodations in the hospitals in which Plaintiff was employed, including daily assessments of personal health and potential exposure, availability of targeted COVID-19 testing, protocols requiring non-work when symptomatic or potentially exposed to COVID-19, contact tracing, handwashing and hygiene, use of PPE, including masking (such as N-95 masks in appropriate circumstances), face shields, gowns, and disposable gloves as required under the circumstances.

64. In addition, there are other accommodations that are potentially available. For instance, the EEOC has specifically identified testing of employees before they enter the workplace. The EEOC COVID-19 Guidance states, "an employer may choose to administer COVID-19 testing to employees before initially permitting them to enter the workplace and/or

periodically to determine if their presence in the workplace poses a direct threat to others." EEOC COVID-19 Guidance, A.6.

65.     Before summarily rejecting Plaintiff's requests for religious exemptions Mercy Hospital was required to analyze the potential available accommodations in a real-world context. Had it done so, it would have found accommodations that would eliminate undue hardship. Therefore, Mercy Hospital's assertion that undue hardship exists justifying denial of Plaintiff's religious exemption requests is in error.

66.     Plaintiff lost substantial wages as a result of Mercy Hospital not granting her religious exemptions and as a result, was forced to resign.

67.     The refusal of religious exemptions led to the employee's job being placed in jeopardy with associated stress, anxiety, and emotional trauma.

WHEREFORE Petitioner Conway requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Mercy Hospital, Inc., attorneys fees, and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

OTT LAW FIRM

_____
Joseph A. Ott, #67889
Mark E. Blankenship Jr. #73123
3544 Oxford Blvd.
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:  (314) 689-0080
*Attorneys for Petitioner*
*Patricia Conway*

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**22SL-CC04109**

## MISSOURI CIRCUIT COURT
## TWENTY-FIRST JUDICIAL CIRCUIT
## ST. LOUIS COUNTY CIRCUIT CLERK

PATRICIA CONWAY                    )
                                   )
            Petitioner,            )
                                   )     Case No:
vs.                                )
                                   )
MERCY HOSPITAL ST. LOUIS           )     **JURY TRIAL DEMANDED**
                                   )
    Serve at:                      )
                                   )
    615 S New Ballas Rd            )
    Saint Louis, MO 63141          )
                                   )
            Respondent.            )

### ENTRY OF APPEARANCE

COMES NOW Joseph A. Ott, an attorney at Ott Law Firm, and hereby enters his

appearance on behalf of Plaintiff in the above captioned matter.


Respectfully submitted,


**OTT LAW FIRM**

_____
Joseph A. Ott, #67889
3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:  (314) 689-0080
joe@ott.law
*Attorneys for Plaintiff*

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**22SL-CC04109**

# MISSOURI CIRCUIT COURT
## TWENTY-FIRST JUDICIAL CIRCUIT
## ST. LOUIS COUNTY CIRCUIT CLERK

PATRICIA CONWAY               )
                              )
              Petitioner,     )
                              )          Case No:
vs.                           )
                              )
MERCY HOSPITAL ST. LOUIS      )          **JURY TRIAL DEMANDED**
                              )
     Serve at:                )
                              )
     615 S New Ballas Rd       )
     Saint Louis, MO 63141     )
                              )
              Respondent.     )

## ENTRY OF APPEARANCE

COMES NOW Mark E. Blankenship Jr., an attorney at Ott Law Firm, and hereby enters

his appearance on behalf of Plaintiff in the above captioned matter.


Respectfully   submitted,


**OTT LAW FIRM**

_Mark Edward Blankenship_
_____
Mark E. Blankenship, #73123
3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

**22SL-CC04109**

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

September 20, 2022
Date

Patricia Conway
Plaintiff/Petitioner

Case Number

vs.

Mercy Hospital St. Louis
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff by and through undersigned counsel                      , pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Tim Moore - STL ProServe | 6614 Clayton Road #311, St. Louis, MO 63117 | 314-962-2222 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 Mercy Hospital St. Louis (Manager on Duty)
Name                                            Name
 615 S New Ballas Rd
Address                                         Address
 Saint Louis, MO 63141
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                /s/ Joseph A. Ott
                                                Signature of Attorney/Plaintiff/Petitioner
                                                 67889
By _____                  Bar No.
   Deputy Clerk                                  3544 Oxford Blvd., Maplewood, MO 63143
                                                Address
_____                      (314) 293-3756        (314) 689-0080
Date                                            Phone No.                Fax No.

CCADM62-WS   Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS        Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  22SL-CC04109 |
| Plaintiff/Petitioner:<br>PATRICIA CONWAY<br>**vs.** | Plaintiff's/Petitioner's Attorney/Address<br>MARK EDWARD BLANKENSHIP<br>1400 BLUE JAY ROAD<br>RINCON, GA  31326 |
| Defendant/Respondent:<br> MERCY HOSPITAL ST LOUIS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  MERCY HOSPITAL ST LOUIS**
        **Alias:**

**SERVE MANAGER ON DUTY**
**615 S NEW BALLAS RD**
**SAINT LOUIS, MO  63141**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    **21-SEP-2022**
     **Date**
                                               /Clerk
    **Further Information:**
    **AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                         Signature of Sheriff or Server
           **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*      My commission expires: _____          _____
                                     Date                                 Notary Public

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

Electronically Filed - St Louis County - October 21, 2022 - 10:48 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| PATRICIA CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  22SL-CC04109 |
| | ) | |
| MERCY HOSPITAL ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW James M. Paul of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and hereby enters his appearance on behalf of Defendant Mercy Hospital St. Louis.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

 /s/ James M. Paul
James M. Paul, MO 44232
7700 Bonhomme Avenue, Suite 650
St. Louis MO,  63105
Telephone:  314.802.3935
Facsimile:  314.802.3960
james.paul@ogletree.com

**ATTORNEYS FOR DEFENDANT**

Electronically Filed - St Louis County - October 21, 2022 - 10:48 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022, I electronically filed the above and foregoing document using the Court's e-filing system, which sent notification to the following, and sent a copy via U.S. Mail, to:

Joseph A. Ott
Mark E. Blankenship Jr.
OTT LAW FIRM
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*


/s/ James M. Paul
An Attorney for Defendant

2

Electronically Filed - St Louis County - October 21, 2022 - 10:51 AM

## IN THE CIRCUIT COURT OF ST LOUIS COUNTY
## STATE OF MISSOURI

PATRICIA CONWAY,               )
                               )
      Plaintiff,              )
                               )
v.                             )      Case No.  22SL-CC04109
                               )
MERCY HOSPITAL ST. LOUIS,      )
                               )
      Defendant.              )

## ENTRY OF APPEARANCE

COMES NOW Thomas R. Chibnall of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and hereby enters his appearance on behalf of Defendant Mercy Hospital St. Louis.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

 /s/ Thomas R. Chibnall
Thomas R. Chibnall, MO 67994
7700 Bonhomme Avenue, Suite 650
St. Louis MO,  63105
Telephone:  314.802.3935
Facsimile:  314.802.3960
thomas.chibnall@ogletree.com

**ATTORNEYS FOR DEFENDANTS**

Electronically Filed - St Louis County - October 21, 2022 - 10:51 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022, I electronically filed the above and foregoing document using the Court's e-filing system, which sent notification to the following, and sent a copy via U.S. Mail, to:

Joseph A. Ott
Mark E. Blankenship Jr.
OTT LAW FIRM
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

/s/ Thomas R. Chibnall
An Attorney for Defendant

2

53151776.v1-OGLETREE

Electronically Filed - St Louis County - October 21, 2022 - 11:01 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

PATRICIA CONWAY,                    )
                                    )
      Plaintiff,                   )
                                    )
v.                                  )    Case No.  22SL-CC04109
                                    )
MERCY HOSPITAL ST. LOUIS,           )
                                    )
      Defendant.                   )

## NOTICE TO STATE COURT OF NOTICE OF REMOVAL

TO:    The Clerk of the Circuit Court of St. Louis County, Missouri

PLEASE TAKE NOTICE that on this 21st day of October, 2022, Defendant Mercy Hospital

St. Louis caused this action to be removed to the United States District Court for the Eastern

District of Missouri.  A copy of the Notice of Removal is attached hereto. This notice is being

provided pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ James M. Paul*
James M. Paul, MO 44232
Thomas R. Chibnall, MO 67994
7700 Bonhomme Avenue, Suite 650
St. Louis MO,  63105
Telephone:  314.802.3935
Facsimile:  314.802.3960
james.paul@ogletree.com
thomas.chibnall@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022, I electronically filed the above and foregoing document using the Court's e-filing system, which sent notification to the following, and sent a copy via U.S. Mail, to:

Joseph A. Ott
Mark E. Blankenship Jr.
OTT LAW FIRM
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

/s/ James M. Paul
An Attorney for Defendant

COURT SEAL OF

ST. LOUIS COUNTY

Circuit Clerk

**/s/ Gwendolyn Bailey**
Deputy Clerk

2