IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CONWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-01113-RLW |
| MERCY HOSPITAL ST. LOUIS, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Mercy Hospital St. Louis[1] ("Defendant" or "Mercy"), for its answer to the Complaint of Plaintiff Patricia Conway ("Plaintiff" or "Conway"), states as follows:

1.      Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies that Mercy Hospital St. Louis employed Plaintiff, admits that MHM Support Services employed Plaintiff as a registered nurse from January 2006 to July 2015 and from July 2017 to October 1, 2021, but is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies those remaining allegations.

---

[1] "Mercy Hospital St. Louis" was not Plaintiff's employer. Plaintiff's employer was MHM Support Services, a Missouri nonprofit corporation. Furthermore, no judgment can be entered against "Mercy Hospital St. Louis" since it is merely a "d/b/a" fictitious entity name.  The term "Defendant" used herein refers to MHM Support Services and any other related entity found to have employed Plaintiff.

4.     Defendant admits that an email was sent to Plaintiff and other MHM Support Services employees, announcing a vaccine mandate and providing details of the vaccine mandate, but is without sufficient information to admit or deny when Plaintiff received such emails, and therefore, denies allegations as to when she received such emails as stated in Paragraph 4 of Plaintiff's Complaint.

5.     Defendant is without sufficient information or knowledge to admit or deny that Plaintiff submitted a copy of "the Dept of Justice, EEOC" as Defendant is unaware of what Plaintiff references, and therefore denies such allegation, but admits the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, denies the same.

10.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Defendant states that Conway has the opportunity to appeal the denial of her religious exemption request but failed to do so. However, Defendant denies all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that the individual appearing on behalf of Mercy at Plaintiff's unemployment hearing did not have the specific details of Plaintiff's religious exemption request or access to the documents pertaining to her request, but it denies any remaining allegations as contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

**COUNT I**

18. Defendant incorporates is responses to Paragraphs 1-17 as if set forth fully herein.

19. Defendant states that Plaintiff's allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies the allegations as Defendant is a religious organization as defined by 42 U.S.C. § 2000e-1(a)(1), which exempts religious organizations from Title VII's coverage as it pertains to religious discrimination and retaliation.

20. Defendant states that Plaintiff's allegations contained in Paragraph 20 of Plaintiff's Complaint contain legal conclusions to which no response is required..

21. Defendant admits that Plaintiff's religious accommodation request was denied, but denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that religious accommodations requests are submitted through an online platform/application, but denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

Defendant denies Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph for Count I and denies that Defendant violated any law, including retaliation under Title VII.

## COUNT II

29. Defendant states that Plaintiff's allegations in Paragraph 29 of Plaintiff's Complaint contain legal conclusions to which no response is required.

30. Defendant states that Plaintiff's allegations contained in Paragraph 30 of Plaintiff's Complaint contain legal conclusions to which no response is required.

31. Defendant states that Plaintiff's allegations in Paragraph 31 of Plaintiff's Complaint contain legal conclusions to which no response is required.

32. Defendant states that Plaintiff's allegations in Paragraph 32 of Plaintiff's Complaint contain legal conclusions to which no response is required.

33. Defendant admits that Mercy Hospital is a Catholic hospital and is exempt from Title VII's coverage as it pertains to religious discrimination and retaliation, but Defendant denies any remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant states that the allegations contained in Paragraph 35 of Plaintiff's Complaint contain legal conclusions to which no response is required, but Defendant admits that it is a religious organization as defined by Title VII and is exempt from Title VII's coverage as it applies to religious discrimination and retaliation.

36. Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant admits that it does not require all employees to practice Catholicism in their personal lives, but it denies all remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Complaint and states that its website speaks for itself, including the portion cited to by Plaintiff.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC, but denies the remaining allegations.

Defendant denies Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph for Count II and denies that it violated Title VII or any law whatsoever.

## COUNT III

48. Defendant incorporates its responses to Paragraphs 1-47 as stated fully herein.

49. Defendant states that the allegations contained in Paragraph 49 of Plaintiff's Complaint contain legal conclusions to which no response is required.

50. Defendant states that the allegations contained in Paragraph 50 of Plaintiff's Complaint contain legal conclusions to which no response is required.

51. Defendant states that the allegations contained in Paragraph 51 of Plaintiff's Complaint contain legal conclusions to which no response is required.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant states that the allegations contained in Paragraph 53 of Plaintiff's Complaint contain legal conclusions to which no response is required.

54. Defendant states that the allegations contained in Paragraph 54 of Plaintiff's Complaint contain legal conclusions to which no response is required.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant states that the allegations contained in Paragraph 57 of Plaintiff's Complaint contain legal conclusions to which no response is required.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant states that the allegations contained in Paragraph 59 of Plaintiff's Complaint contain legal conclusions to which no response is required.

53517469.v1-OGLETREE

60. Defendant states that the allegations contained in Paragraph 60 of Plaintiff's Complaint contain legal conclusions to which no response is required.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant states that the allegations contained in Paragraph 62 of Plaintiff's Complaint contain legal conclusions to which no response is required and that the document identified as "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws – Technical Assistance Questions and Answers" speaks for itself and no response is required.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant states that the document referenced in Paragraph 64 of Plaintiff's Complaint speaks for itself, but Defendant denies the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

Defendant denies Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph for Count III and denies that it violated Title VII or any law whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that otherwise rests with Plaintiff, Defendant sets forth the following affirmative and other defenses:

1. Defendant asserts that Plaintiff's Complaint must be dismissed because it is a religious organization exempt from the prohibitions against religious discrimination under Title VII.

2. Defendant asserts that Plaintiff's Complaint must be dismissed because any action taken by Defendant with respect to Plaintiff was based on lawful factors and its own lawful policies and any such action was for lawful and proper reasons.

3. Defendant asserts that Plaintiff's claim should be dismissed because this Court lacks jurisdiction over Defendant as it is owned or operated by a religious entity, particularly, the Roman Catholic Church and Sisters of Mercy and are exempt from Title VII's coverage over religious discrimination and retaliation claims in accordance with 42 U.S.C. § 2000e-1(a).

4. Defendant denies that any of its managerial employees or agents, acting within the course and scope of their employment or agency, violated any statute, common law, constitutional provision or public policy or caused damage or injury to Plaintiff.

5. Defendant asserts that any unlawful conduct allegedly engaged in by its employees, supervisory or otherwise, which Defendant denies, was outside the scope of their employment and was contrary to Defendant's efforts to comply with any and all applicable laws and public policies.

6. Defendant further states that any actions taken with respect to Plaintiff were taken in good faith, were taken for legitimate, non-discriminatory reasons, with lawful justification, and were not taken for any discriminatory or other unlawful reasons.

7. Defendant asserts that Plaintiff was an at-will employee of MHM Support Services, and that her employment ended for legitimate, lawful reasons.

8. Defendant asserts that it has established policies and procedures to report, prevent, and correct workplace discrimination, harassment, or retaliation and that those policies and procedures have been communicated to its employees and were, in fact, communicated to Plaintiff and her supervisors.

9. Defendant asserts it exercised reasonable care to prevent and promptly correct any alleged incidents of discrimination, harassment, or retaliation.

10. Defendant asserts that Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Defendant asserts that Plaintiff's claims are barred because Plaintiff failed to exhaust available internal remedies.

12. Defendant asserts that Plaintiff's claims must be dismissed because Plaintiff's fails to plead sufficient facts to state a claim upon which relief can be granted.

13. Defendant asserts that Plaintiff's claim of retaliation under Title VII must be dismissed as she did not engage in oppositional or participatory protected activity as defined by Title VII.

14. Defendant asserts that Plaintiff's claim of religious discrimination for failure to accommodate must be dismissed as such claim is duplicative of Plaintiff's claim of religious discrimination disparate treatment.

15. Defendant further states that any damage claimed alleged by Plaintiff was caused or contributed to, in whole or in part, by her own acts or failures to act.

16. Defendant asserts that Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with a timely filed Charge of Discrimination or timely filed portions thereof.

17. Defendant asserts Plaintiff failed and neglected to use reasonable means to protect herself from loss and to mitigate her alleged losses and damages complained of in her Complaint. Defendant further asserts that, to the extent it is determined that Plaintiff is entitled to recover in this action (which Defendant specifically denies), Plaintiff may not recover damages for any period of time in which she did not make a reasonable effort to find comparable employment or was unavailable for employment due to her health or otherwise.

18. Defendant asserts that any damages claimed by Plaintiff must be offset and/or reduced to the extent she has in fact earned amounts in mitigation of her damages.

19. Defendant further asserts that Plaintiff's recovery of damages may be limited, in whole or in part, by the after-acquired evidence doctrine.

20. Defendant further asserts that if Plaintiff prays for equitable relief, Defendant states Plaintiff is not entitled to any such equitable relief, in whole or in part, due to the doctrines of unclean hands, waiver, estoppel and/or laches.

21. Defendant asserts that, to the extent Plaintiff seeks punitive damages, she is not entitled to such damages in that she has failed to allege and cannot demonstrate facts sufficient to give rise to a claim for such damages because Defendant did not act with the required level of malice or reckless indifference to Plaintiff's rights.

22. Defendant asserts that, to the extent Plaintiff seeks punitive damages, she is not entitled to such damages in that Defendant has acted at all times with good faith efforts to comply

with, and prevent violations of, all applicable laws, and Defendant reasonably believed its actions did not violate any applicable laws.

23. Defendant asserts that, to the extent Plaintiff is entitled to recover any damages, the sum of the amount of all actual damages and punitive damages awarded may not exceed the limitations set forth under 42 U.S.C. § 2000e *et seq.*

24. Defendant asserts that its actions were taken in good faith, and Defendant did not act intentionally or willfully in violation of any law, regulation, or public policy.

25. Defendant asserts that, in the absence of clear and convincing evidence of ill will, spite, malice, and willful and wanton conduct, any award of punitive damages would violate the Constitution of the United States.

26. Defendant asserts that Plaintiff does not allege or establish facts sufficient to constitutionally permit or entitle Plaintiff to recover punitive or exemplary damages.

27. Defendant presently has insufficient knowledge of additional, yet unstated, affirmative defenses that may be available, but reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that this Court dismiss Plaintiff's Complaint, enter judgment in Defendant's favor, award Defendant its attorneys' fees and costs, and/or orders such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Thomas R. Chibnall
James M. Paul, MO #44232
Thomas R. Chibnall, MO #67994
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
thomas.chibnall@ogletree.com

Attorneys for Defendant Mercy Hospital St. Louis

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 4th day of November, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Ott Law Firm
Joseph A. Ott
Mark E. Blankenship, Jr.
3544 Oxford Blvd.
Maplewood, MO 63143
Tel: (314) 293-3756
Fax: (314) 689-0080
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

/s/ Thomas R. Chibnall
Attorneys for Defendant Mercy Hospital St. Louis