Missouri Department of Labor and Industrial Relations

# Division of Employment Security

## APPEALS TRIBUNAL
P.O. BOX 59    JEFFERSON CITY, MO 65104-0059
PHONE: 573-751-3913    FAX: 573-751-7893

# Decision of Appeals Tribunal

Patricia L Conway
16731 Hickory Crest Dr
Wildwood Mo 63011-5507

Appeal No.: 2205318

PATRICIA L CONWAY                           MHM SUPPORT SERVICES
(Claimant)   SSN: XXX-XX-2771               (Employer)

Determination Date: 11-15-2021    Appeal Filed: 11-17-2021    Filed By: Claimant

PROCEDURAL HISTORY:

A deputy determined under the Missouri Employment Security Law that the claimant was disqualified for waiting week credit and benefits until the claimant has earned wages for insured work equal to six times the claimant's weekly benefit amount, on a finding that the claimant was discharged on October 28, 2021, for misconduct connected with the claimant's work. The claimant filed an appeal from that determination.

After due notice to the interested parties, an appeal hearing was held on December 8, 2021, by means of a telephone conference. The claimant testified and was represented by Attorney Mark Blankenship. One witness testified for the employer. This hearing was conducted by Referee Kelly and reassigned to Referee Wood, who issued the decision in this matter after reviewing all of the evidence in the record.

FINDINGS OF FACT:

The claimant began work for the employer, on July 3, 2017, as a registered nurse and was paid $43.65 per hour. The claimant's last day present and working was October 1, 2021, because the claimant was discharged for failing to comply with employer's COVID-19 vaccination policy. In July 2021, the employer implemented a new policy concerning COVID-19 vaccinations and the claimant acknowledged that policy. According to the employer, the employees could work until September 30, 2021, without vaccination. If the employee was not vaccinated, the employee would receive an unpaid suspension. If the employee was suspended for twenty-eight days due to no vaccination, the employee was discharged.

The claimant disputes that she did not comply with the employer's policy as she filed for religious exemption to the COVID-19 vaccination policy, but was still terminated on October 28, 2021. The claimant testified that there were other employees who filed for the exemption and were approved; however, she was instead terminated. The employer testified that it did not receive any information from the claimant about her filing for religious exemption; however, evidence of that exemption request was provided to the Division and the employer representative on the day of the hearing. The credible evidence indicates that the employer did not review the claimant's application for a religious accommodation even after the claimant requested that exemption. The employer's witness was unable to provide credible testimony concerning the employer's consideration of the claimant's request for a religious exemption

LAW:

The Missouri Employment Security Law, Chapter 288, RSMo. 2019, as amended, provides in part as follows:

288.030.1. As used in this chapter, unless the context clearly requires otherwise, the following terms mean:

(23) "Misconduct", only as the term is used in this chapter, conduct or failure to act in a manner that is connected with work, regardless of whether such conduct or failure to act occurs at the workplace or during work hours, which shall include:

(a) Conduct or a failure to act demonstrating knowing disregard of the employer's interest or a knowing violation of the standards which the employer expects of his or her employee;

(b) Conduct or a failure to act demonstrating carelessness or negligence in such a degree or recurrence as to manifest culpability, wrongful intent, or a knowing disregard of the employer's interest or of the employee's duties and obligations to the employer;

(c) A violation of an employer's no-call, no-show policy; chronic absenteeism or tardiness in violation of a known policy of the employer; or two or more unapproved absences following a written reprimand or warning relating to an unapproved absence unless such absences are protected by law;

(d) A knowing violation of a state standard or regulation by an employee of an employer licensed or certified by the state, which would cause the employer to be sanctioned or have its license or certification suspended or revoked; or

(e) A violation of an employer's rule, unless the employee can demonstrate that:

a. He or she did not know, and could not reasonably know, of the rule's requirements;

b. The rule is not lawful; or

c. The rule is not fairly or consistently enforced;

Exhibit 13

288.050.2.  If a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid nor shall the cost of any benefits be charged against any employer for any period of employment within the base period until the claimant has earned wages for work insured under the unemployment laws of this state or any other state as prescribed in this section.  In addition to the disqualification for benefits pursuant to this provision the division may in the more aggravated cases of misconduct, cancel all or any part of the individual's wage credits, which were established through the individual's employment by the employer who discharged such individual, according to the seriousness of the misconduct.  A disqualification provided for pursuant to this subsection shall not apply to any week which occurs after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state in an amount equal to six times the claimant's weekly benefit amount.  Should a claimant be disqualified on a second or subsequent occasion within the base period or subsequent to the base period, the claimant shall be required to earn wages in an amount equal to or in excess of six times the claimant's weekly benefit amount for each disqualification.

CONCLUSIONS OF LAW:

The claimant was discharged on October 28, 2021. The issue on appeal is whether the claimant was discharged for misconduct connected with work. "Where an employer claims that an employee was discharged for misconduct, the employer has the burden of proving misconduct by competent and substantial evidence." *Bus. Ctrs. of Missouri, Inc. v. Labor and Indus. Relations Comm'n,* 743 S.W.2d 588, 589 (Mo.App. E.D. 1988).

The employer has not met that burden in this case. The claimant filed for a religious exemption to the employer's COVID-19 vaccination policy; however, the available credible evidence indicates the employer did not follow its recently established policy to determine when a religious exemption to a vaccination would be granted.  The Appeals Tribunal is unable to conclude that the claimant violated the employer's policy as the credible evidence does not support a conclusion that the employer considered giving a religious exemption to the claimant as the employer's witness was unaware of the claimant's attempt to seek an exemption.  The claimant was discharged October 28, 2021, but not for misconduct connected with work.

DECISION:

The deputy's determination is reversed.  The claimant is not disqualified for benefits by reason of the claimant's discharge on October 28, 2021.

Exhibit 13

Appeal No.: 2205318

Dated and mailed at Jefferson City, Missouri, this 21st day of March, 2022.

James D Wood
Referee

This decision will become the final decision of the Division unless a further appeal is filed as set out below.

If you are unable to recognize individual(s) identified on this correspondence, please contact the Division at 573-751-3913 for assistance.

## APPEAL RIGHTS

If you disagree with this decision of the Appeals Tribunal, you may appeal the decision by filing an application for review (appeal) to the Labor and Industrial Relations Commission. No special form is needed to file an appeal to the Commission. An appeal must be filed within 30 days from the date of this decision. The appeal may be filed by mail or by fax to:

Division of Employment Security
Appeals Tribunal
P.O. Box 59
Jefferson City, MO 65104-0059

Fax: 573-751-7893

An appeal may be filed by the claimant, an individual who is a sole proprietor, a partner in a partnership, an officer or employee of a corporation or governmental entity (including Indian tribes), the Division of Employment Security, or an attorney licensed in Missouri on behalf of any interested party. An appeal should be signed by the interested party for whom it is filed or by an attorney licensed in Missouri.

The appeal number of the decision being appealed and the claimant's Social Security Number should be included in the appeal.

If you are filing an appeal and you missed the scheduled hearing, your appeal should indicate briefly why you did not appear for the hearing.

Special Notice for Governmental Entities (including Indian tribes), Partnerships, Corporations and LLCs: Because you are an entity that is not a natural person, you may only present legal arguments, evidentiary objections and other legal requests to the Commission through an attorney licensed in Missouri.

Special Notice for Claimants: If you are still unemployed, you should continue to file your weekly requests for payment and report as directed by a deputy of the Division of Employment Security. An overpayment may be established if you have previously been allowed benefits and this decision reverses that ruling. You will be expected to repay any overpayment of benefits to the Division of Employment Security.

**IMPORTANT:** If needed, call 573-751-3913 for assistance in the translation and understanding of the information in this document.
¡**IMPORTANTE!:** *Si es necesario, llame al 573-751-3913 para asistencia en la traducción y entendimiento de la información en este documento.*

Missouri Division of Employment Security is an equal opportunity employer/program. Auxiliary aids and services are available upon request to individuals with disabilities.  TDD/TTY: 800-735-2966   Relay Missouri: 711

MODES-3422-2 (08-17)
Exhibit 13