Column A - Mercy Health - Bylaws

# AMENDED AND RESTATED

# BYLAWS

# OF

# MERCY HEALTH

**(A Missouri Nonprofit Corporation)**

**EXHIBIT JM-3**

DEF 000867

1

# AMENDED AND RESTATED

# BYLAWS

# OF

# MERCY HEALTH

## ARTICLE I
## DEFINITIONS

The terms set forth below shall have the following meanings unless otherwise required by the context in which they may be used:

Articles of Incorporation.  The term "Articles of Incorporation" shall mean the Articles of Incorporation of the Corporation filed with and accepted by the Secretary of State of the State of Missouri, on the 30th day of September, 1986, as amended.

Board.  The term "Board" shall mean the Board of Directors of the Corporation.

Board Committee.  The term "Board Committee" shall mean a body which may be created by the Board to advise the Board or to exercise a designated portion of the authority of the Board when the Board is not in session.

Bylaws.  The term "Bylaws" shall mean the bylaws of the Corporation except where reference is specifically made to the bylaws of another corporation, entity, or unit.

CFO.  The term "CFO" shall mean the Chief Financial Officer of the Corporation.

Corporation.  The term "Corporation" shall mean Mercy Health, a Missouri nonprofit corporation.

Director.  The term "Director" shall mean a member of the Board.

Mercy Health Ministry.  The term "Mercy Health Ministry" shall mean the pontifical public juridic person granted juridic personality by decree of the Congregation for Institutes of Consecrated Life and Societies of Apostolic Life, dated May 15, 2008 (Prot. No. S142-$^1$/2008).

Ministry.  The term "Ministry" shall mean Mercy Health which consists of this Corporation and all additional corporations and other organizations which are operated, supervised, or controlled directly or indirectly by or in connection with the Corporation.

- 1 -

DEF 000868

Column A - Mercy Health - Bylaws

Sisters of Mercy.  The term "Sisters of Mercy" shall mean the Institute of the Sisters of Mercy of the Americas, Regional Community of St. Louis, a religious order of the Roman Catholic Church or any successor thereto.

State.  The term "State" shall mean the State of Missouri.

Supported Organization.  The term "Supported Organization" shall mean one of the Supported Organizations as defined in Section 3.2c of these Bylaws.

## ARTICLE II
## OFFICES

The Corporation shall have and continuously maintain in the State a registered office and a registered agent, whose office shall be identical with such registered office, and may have such other offices within or without the State as the Board may from time to time determine.

## ARTICLE III
## PURPOSES AND POWERS

3.1.   General Purpose.  The general purpose of the Corporation shall be to extend the religious apostolate and the charitable services of Mercy Health Ministry.

3.2.   Specific Purposes.

a. The Corporation shall operate:  (i) to carry forward the healing ministry of Jesus in the Church through the management, ownership, or sponsorship of health care facilities, programs and services consistent with the teaching and laws of the Church regarding Catholic health services and with traditions, values and enduring concerns of the Sisters of Mercy; and (ii) to enhance the quality of life and benefit the inhabitants of the communities served by the Corporation and the surrounding areas by the promotion of efficient and quality health care through involvement in and coordination of various health services and related activities, the conduct of health planning, resource allocation, provision of services and guidance, and all other methods appropriate to the objectives of the Corporation.

b. The Corporation shall adhere to and be guided by the *Ethical and Religious Directives for Catholic Health Services* of the National Conference of Catholic Bishops as applied by the Diocesan Bishops and as amended from time to time; and by the philosophy, mission, and traditions of the Sisters of Mercy.

EXHIBIT JM-3

3

DEF 000869

c.  The Corporation is organized exclusively for religious, charitable, scientific and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or the corresponding provisions of any future federal tax law or regulations of the Internal Revenue Service (the "Code").  In furtherance of the foregoing, but not by way of limitation, the Corporation is authorized to operate for the benefit of, to perform the functions of, and to carry out the purposes of such nonprofit organizations organized for charitable purposes as the Board may from time to time determine and any nonprofit successors of such corporations, (collectively, the "Supported Organizations"), and shall be operated, supervised, or controlled by or in connection with the Supported Organizations, provided, however, that each Supported Organization must be recognized as (i) an organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, the regulations promulgated pursuant thereto, or the corresponding provision of any applicable future United States Internal Revenue law or regulations (collectively, the "Code") and/or (ii) an organization described in either Section 509(a)(1) or Section 509(a)(2) of the Code.  The Corporation shall, itself, operate exclusively for religious, charitable, scientific and educational purposes and in furtherance of the religious, charitable, scientific and educational purposes now or at any time hereafter fostered by the Supported Organizations, including, without limitation, making distributions to the Supported Organizations.  The Corporation shall be organized and shall operate in such a manner as to qualify and to be recognized as (i) an organization exempt from federal income tax under Section 501(c)(3) of the Code and/or (ii) a supporting organization described in Section 509(a)(3) of the Code.

3.3.  Powers.  Except as limited by the Articles of Incorporation, and these Bylaws, the Corporation shall have and exercise such powers in furtherance of its purposes as are now or may hereafter be granted by the Missouri General Nonprofit Corporation Law.

### ARTICLE IV
### MEMBERS

4.1  Members.  The Corporation shall have no members.

### ARTICLE V
### BOARD

5.1  Composition and Designation.  There shall be not less than five (5) nor more than seventeen (17) Directors.  The Board shall consist of two classes, Class A Directors and , Class B Directors.  All of the Class A Directors shall be Catholic.  Four (4) Directors will be Class A Directors.  All of the Directors shall also be those persons serving as

- 3 -

EXHIBIT JM-3                                    DEF 000870

Column A – Mercy Health  Bylaws

Members of Mercy Health Ministry and who shall have been appointed as provided in these Bylaws and the Bylaws of Mercy Health Ministry.

5.2   Functions.  The Board shall have the following general functions:

a.   To assure the Corporation serves its purposes and attains its objectives;

b.   To serve as the ultimate stewards of the resources of the Corporation; and

c.   To exercise and fulfill the specific powers and responsibilities of the Board as specified in the Articles of Incorporation and the Bylaws of the Corporation.

5.3   Qualifications.  All Directors will have demonstrated an understanding and acceptance of, and a compassion for, the Corporation and the mission and purpose of the Corporation and the Ministry.  The Board as a group will have the following composite qualifications: (i) experience with direct service in health care; (ii) governance and leadership experience in health care; (iii) governance and leadership experience in other ministries; (iv) a variety of personalities and styles of leadership.

Each Class A Director shall be a woman religious Sister of Mercy so long as there are Sisters willing, able and qualified to serve.  Further, each Class A Director must have the following competencies:

a.   be grounded in Sisters of Mercy charism and be Catholic;

b.   have knowledge and understanding of the meaning of sponsorship;

c.   understand that the healing ministry is a ministry of the Church;

d.   have demonstrated support of the Ministry;

e.   have the ability to function effectively in governance, which includes the ability to articulate sponsorship priorities;

f.   have the ability to think systemically;

g.   demonstrate ongoing commitment to personal, spiritual, emotional and professional growth; and

h.   have the ability to listen reflectively and discern prior to decision making.

Class B Directors shall have one or more of the following additional qualifications:

a.   be a physician who has practiced in or otherwise demonstrated an understanding of integrated health systems;

- 4 -

**EXHIBIT JM-3**

DEF 000871

b.  be a person who has broad experience in Church ministry; or

c.  be a person who has demonstrated expertise in the delivery or financing of health care, an understanding of the communities served by the Ministry, and/or leadership and forward thinking in his or her own endeavors.

Class B Directors may also include Emeritus Directors as more fully described below.

Emeritus Directors shall not be considered a separate Class, but rather a subset of Class B Directors.  Emeritus Directors shall be former Class A or Class B Directors who:

a.  have made a special and enduring contribution to the Ministry and the Corporation as a member of the Board; and

b.  have demonstrated a sustained and noteworthy commitment in advancing the mission of the Ministry and the Corporation through extended exemplary service on the Board over many years.

Except as otherwise expressly approved by the Board, no non-ex officio Director may be missioned to or employed by the Ministry.

5.4    **Appointment and Term.**  Annually, not later than the month of June, the Class A Directors will appoint Class A Directors and Class B Directors, as needed to fill vacancies created by their expiring terms, for terms commencing on the first day of the month next following such appointment and continuing for four (4) years (or such lesser periods as may be determined by the Class A Directors), and until their respective successors are appointed and qualified, unless the Director sooner resigns or is removed. The Class A Directors may re-appoint Class A Directors and Class B Directors for up to two (2) additional four (4) year terms (or terms of lesser duration as may be determined by the Class A Directors).  Notwithstanding the foregoing, each initial Class A Director and Class B Director may, if recommended and approved by the Class A Directors, serve up to three (3) additional four (4) year terms, provided that those whose initial term is four years may serve only two (2) additional four (4) year terms.

In considering a Director for reappointment, the Class A Directors will consider, among other factors, the quality and effectiveness of the Director's participation in governance and sponsorship activities and in exercising the responsibilities of a Director as delineated in the Articles of Incorporation and these Bylaws, the Director's participation in formation programs, and the talents and expertise needed by the Corporation and the Ministry.

The Class A Directors may appoint Emeritus Directors from time to time as they may determine.  Unless otherwise specified by the Class A Directors, the term of Emeritus Director shall be for life subject to resignation or removal as provided in Section 5.11

EXHIBIT JM-3

DEF 000872

hereof. Emeritus Directors shall have the same powers and responsibilities as the Class B Directors.

5.5    <u>Annual and Regular Meetings</u>.  An annual meeting of the Board shall be held in the month of June of each year for the purposes of recommending candidates for appointment as Directors by the Class A Directors, for appointing members of Board Committees, for nominating and electing officers, and for the transaction of such other business as may properly come before the meeting.  The Board shall provide by resolution for the holding of additional regular meetings to the end that at least one regular meeting shall be scheduled within each quarter of the calendar year.  The Board, by resolution adopted by a majority of the Directors, may prescribe the time and place for the holding of the annual and regular meetings of the Board and may provide that the adoption of such resolution shall constitute notice of such meetings.  If the Board does not prescribe the time and place for the holding of the annual or regular meetings, such meetings shall be held at the time and place specified by the Chairperson of the Corporation in the notice of each such annual or regular meeting.

5.6    <u>Special Meetings</u>.  Special meetings of the Board may be called by, or at the direction of, the Chairperson, the President of the Corporation, or a majority of the Directors then in office, to be held at such time and place as shall be designated in the notice of the meeting.

5.7    <u>Notice, Waiver</u>.  Notice of the time and place of the annual and any regular meeting of the Board shall be delivered in writing, as provided in Section 9.9 hereof, to each Director at least ten (10) days prior thereto.  Any Director may waive notice of any meeting.  The attendance of a Director at any meeting shall constitute a waiver of notice of such meeting, except where a Director attends such meeting for the express purpose of objecting to the transaction of any business thereat because the meeting is not lawfully called or convened.  Neither the business to be transacted at nor the purpose of any annual, regular, or special meeting of the Board need be specified in the notice or waiver of notice of such meeting unless required by statute.

5.8    <u>Quorum</u>.  A majority of the Directors then in office shall constitute a quorum for the transaction of business at any meeting of the Board, but if less than a majority of the Directors are present at such meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

5.9    <u>Manner of Acting.</u>

a.    <u>Formal Action by Board</u>.  The act of a majority of the Directors present at a meeting at which a quorum is present shall constitute the act of the Board, unless otherwise required by these Bylaws, the Articles of Incorporation, or statute.

b.    <u>Informal Action by Board</u>.  No action of the Board shall be valid unless taken at a meeting at which a quorum is present, except that any action which may be taken at a

- 6 -

meeting of the Board may be taken without a meeting if a consent in writing (setting forth the action so taken) shall be signed by all Directors.

c. _Telephonic Meeting_. Directors may participate in any meeting of the Board by means of a conference telephone or similar communications equipment by means of which all persons participating in such meeting can hear each other, unless otherwise prohibited by statute. Participation in a meeting pursuant to this section shall constitute presence in person at such meeting.

5.10 _Meeting of Class A Directors_. Annual, regular and special meetings of the Class A Directors shall be held at the same time as the annual, regular or special meetings of the Directors for the purpose of appointing Class A Directors and Class B Directors or for the transaction of such other business as may properly require the separate approval of the Class A Directors. Meetings of Class A Directors shall be conducted consistent with the notice, quorum and waiver of action provisions applicable to meetings of the Directors. Class B Directors inclusive of Emeritus Directors shall not meet separately as a group.

5.11 _Resignations and Removal_. Any Director may resign from the Board at any time by giving written notice to the Chairperson of the Corporation, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. Any Director may be removed from such position at any time by the Class A Directors with or without cause. The resignation or removal of a Director shall also be considered a resignation or removal as a Member of Mercy Health Ministry.

5.12 _Vacancies_. Any vacancy occurring in the membership of the Board shall be filled by action of the Class A Directors.

5.13 _Compensation_. Directors shall not receive any compensation for their services as a Director. This section shall not be construed to preclude any Director from serving the Corporation in any other capacity and receiving compensation therefore, except as otherwise provided for in the last sentence of Section 5.3 of these Bylaws.

5.14 _Orientation and Formation of Directors_. The Corporation shall maintain a program for the orientation and ongoing formation and education of Directors, which will be led by the Chairperson or his or her designee. Directors shall actively participate in such programs in order that each Director shall be knowledgeable in all aspects of the Corporation's activities.

5.15 _Chairperson_.

a. _Appointment and Qualifications_. The Chairperson shall be a Director and be appointed by the Board for a term of up to four (4) years as determined by the Board. The Board may appoint a person to serve as Chairperson for more than one term. The Chairperson must also be the Chairperson of Mercy Health Ministry and have, among others, the following qualifications:

- 7 -

EXHIBIT JM-3

Column A - Mercy Health   Bylaws

    i.  Understand and exemplify the mission and values of the Sisters of Mercy;

    ii.  Be competent in ministry; and

    iii.  Have extensive experience in leadership roles within governance and administration.

b.  <u>Resignation, Removal and Vacancy</u>.  The Chairperson may resign at any time by giving written notice to the Board, and, unless otherwise specified therein, the acceptance of such resignation will not be necessary to make it effective.  The Chairperson may be removed by the Board at any time with or without cause.  If a vacancy occurs in the office of the Chairperson, the vacancy may be filled by the Board for the unexpired portion of the term of such office.

c.  <u>Responsibilities</u>.  The Chairperson shall have the following responsibilities:

    i.  Serve as Chair of the Board and preside over all meetings of the Board and the Executive Committee;

    ii.  Support Ministry leadership in inspiring and encouraging a Ministry-wide culture that reflects Catholic identity, commitment to the Ministry, and the core values of dignity, justice, service, excellence and stewardship.

5.16    <u>Chairperson of Class A Directors</u>.

a.  <u>Appointment</u>.  The Chairperson of the Class A Directors (the "Class A Chairperson") shall be appointed by the Class A Directors for a term of four up to (4) years as determined by the Class A Directors.  The Class A Directors may appoint a person to serve as the Class A Chairperson for more than one term.

b.  <u>Resignation, Removal and Vacancy</u>.  The Class A Chairperson may resign at any time by giving written notice to the Class A Directors, and, unless otherwise specified therein, the acceptance of such resignation will not be necessary to make it effective. The Class A Chairperson may be removed with or without cause by the Class A Directors.  If a vacancy occurs in the office of the Class A Chairperson, the vacancy may be filled by the Class A Directors for the unexpired portion of the term of such office.

c.  <u>Responsibilities</u>.  The Class A Chairperson shall have the following responsibilities:

    i.  serve as the Chair of the Class A Directors and preside over all meetings of the Class A Directors;

    ii.  serve as the Class A Directors' liaison to the Corporation and be responsible for inspiring, encouraging and supporting a culture within the Corporation that

- 8 -

DEF 000875

reflects Catholic identity and the Sisters of Mercy's traditions, heritage and core values of dignity, justice, service, excellence and stewardship and for promoting the mission, vision and purpose of serving within the health ministry; and

    iii. serve as the Corporation's liaison to the Sisters of Mercy or any successor entity to the extent such relationship is desired by the Sisters of Mercy or successor entity.

5.17    <u>Vice-Chairperson</u>.

    a. <u>Appointment and Qualifications</u>. The Board from time to time may appoint a person to serve as Vice-Chairperson. The Vice-Chairperson shall be a Director and be appointed by the Board for a term of up to four (4) years as determined by the Board. The Board may appoint a person to serve as Vice-Chairperson for more than one term. The Vice-Chairperson must also be the Vice-Chairperson of Mercy Health Ministry and have, among others, the qualifications for Chairperson as set forth in Section 5.15 above. The Vice-Chairperson should have an adequate remainder of his or her term on the Board to allow for succession planning to the Chairperson position.

    b. <u>Resignation, Removal and Vacancy</u>. The Vice-Chairperson may resign at any time by giving written notice to the Board, and, unless otherwise specified therein, the acceptance of such resignation will not be necessary to make it effective. The Vice-Chairperson may be removed by the Board at any time with or without cause. If a vacancy occurs in the office of the Vice-Chairperson, the vacancy may be filled by the Board for the unexpired portion of the term of such office.

    c. <u>Responsibilities</u>. The Vice-Chairperson shall perform the duties and exercise the powers of the Chairperson during the absence of the Chairperson, including participation as an ex-officio member of any Board Committee, and shall perform such other duties as may be delegated by the Board or the Chairperson. The Vice-Chairperson shall succeed the Chairperson upon expiration of the Chairperson's term, resignation or removal.

## ARTICLE VI
## POWERS AND RESERVED POWERS

6.1    <u>General Powers</u>. The business and affairs of the Corporation shall be managed by the Board. The Board shall make appropriate delegations of authority to the Officers of the Corporation, and, to the extent permitted by law, the Board may, by resolution adopted by a majority of the Directors, authorize one or more Board Committees to act on its behalf when it is not in session.

EXHIBIT JM-3

DEF 000876

6.2     Specific Powers and Responsibilities of the Board.   The Board will operate the Corporation in accordance with the teachings, discipline and laws of the Church.  Subject to the provisions of Section 6.3 of this Article, the powers of the Board shall include, without limitation, the following:

   a.   to uphold the philosophy and mission of the Corporation consistent with the traditions, values and mission of the Sisters of Mercy and to propose any changes to the established mission and philosophy according to which the Corporation and Mercy Health Ministry operates;

   b.   to ensure that the business and affairs of the Corporation are conducted in a manner consistent with the teachings and laws of the Church;

   c.   to make recommendations to the Class A Directors of candidates for appointment as Class A Directors or Class B Directors;

   d.   to elect the Chairperson of the Board and appoint the President of the Corporation;

   e.   to approve the strategic plan, goals and objectives of the Corporation;

   f.   to approve the annual operating, capital and construction budgets of the Corporation;

   g.   to make recommendations to the Class A Directors regarding the approval of any lease, sale, mortgage or encumbrance, disposition or other form of alienation of the stable patrimony of the Corporation and Mercy Health Ministry, within the meaning of Canon Law, in excess of the amount established from time to time by the Holy See;

   h.   to make recommendations to the Class A Directors regarding any proposed amendments to the Articles of Incorporation or Bylaws of the Corporation wherein the amendment would delete or modify a power reserved to the Class A Directors;

   i.   to amend the Articles of Incorporation or Bylaws of the Corporation wherein the amendment does not adversely affect the rights of Class A Directors therein; and

   j.   to approve all acquisitions, by gift, purchase, transfer or otherwise of new works for the Corporation.

6.3     Powers and Responsibilities of the Class A Directors.  The following actions shall require the approval of the Class A Directors of the Corporation:

   a.   any changes to the written statements of philosophy and mission of the Corporation;

   b.   any proposal to change the purposes of the Corporation;

- 10 -

DEF 000877

c. to appoint Class A Directors and Class B Directors from candidates recommended by the Board, or to remove any Class A Director or Class B Director with or without cause; and

d. to approve recommendations from the Board regarding any lease, sale, mortgage or encumbrance, disposition or other form of alienation of stable patrimony of the Corporation and Mercy Health Ministry, within the meaning of Canon Law, in excess of the amount established from time to time by the Holy See and to recommend approval thereof by the Holy See as required.

e. to approve recommendations from the Board to amend the Articles of Incorporation or the Bylaws of the Corporation wherein the amendment would delete or modify a power reserved to the Class A Directors;

Class A Directors shall also have responsibility to oversee compliance with the *Ethical and Religious Directives for Catholic Health Facilities*, United States Conference of Catholic Bishops, as amended from time to time.

## ARTICLE VII
## BOARD COMMITTEES

7.1   Executive Committee.

a. Composition and Appointment. The Directors shall create an Executive Committee of the Board. The membership of the Executive Committee shall consist of five (5) voting members: the Chairperson of the Board and President, who shall be ex-officio members of the Executive Committee, and three (3) Directors appointed by the Directors including at least one (1) Class A Director. The Chairperson shall be the chairperson of the Executive Committee.

b. Authority and Functions. When the Board is not in session, the Executive Committee shall have and exercise all of the authority of the Board in the management of the affairs of the Corporation, including all authority necessary or appropriate (i) to carry into effect any transactions, projects or activities previously approved by the Board; and (ii) to carry out the ordinary ongoing operations of the Corporation. Notwithstanding the foregoing, the Executive Committee shall not have the authority to approve any project that requires the approval of the Board pursuant to the project approval guidelines adopted from time to time by the Corporation, unless the project (i) reasonably could not have been presented to the Board for approval at a prior annual or regular meeting of the Board; and (ii) requires review and approval before the next annual or regular meeting of the Board.

c. Tenure. Each member of the Executive Committee shall hold office until the next annual meeting of the Board following his or her appointment and until his or her

- 11 -

successor as a member of the Executive Committee has been appointed, unless he or she shall sooner cease to be a member of the Board, resign, or be removed with or without cause from the Executive Committee.

d. <u>Vacancies</u>. Any vacancy occurring in the membership of the Executive Committee, except for the position held by the President, the Chairperson, and any membership thereon to be filled by reason of an increase in the number of members of the Executive Committee shall be filled by action of the Board.

7.2 <u>Addition or Combination of Board Committees</u>.

a. <u>Addition of Board Committees</u>.

   i. <u>Composition and Appointment</u>. The Board, by resolution adopted by a majority of its members, may create from among the Directors one or more additional Board Committees. If an additional Board Committee is created, the resolution creating it shall designate the Directors who are to serve as the members of the Committee, one of whom shall be designated as chairperson of the Committee. The Board may designate as members of a Committee (other than the Executive Committee) individuals who are not Directors.

   ii. <u>Powers and Functions</u>. The resolution creating an additional Board Committee shall designate the functions the Committee shall discharge and the authority of the Board, if any, that the Board Committee shall have and exercise when the Board is not in session.

b. <u>Combination of Board Committees</u>. If the Board, by resolution adopted by a majority of its members, determines that any one or more Board Committees (except the Executive Committee) should not exist, it shall, by resolution adopted by a majority of its members, assign the functions of such Board Committee to a new or existing Board Committee or to the Board acting as a committee-of-the-whole.

7.3 <u>Tenure</u>. Each appointed member of a Board Committee shall hold office until the next annual meeting of the Board following his or her appointment and until his or her successor as a member of such Board Committee is appointed, unless he or she shall sooner cease to be a member of the Board or shall resign or be removed with or without cause from such Board Committee.

7.4 <u>Meetings and Notice</u>. Meetings of a Board Committee may be called by, or at the direction of, the Chairperson, President, the chairperson of the Board Committee, or a majority of the members of the Board Committee then in office. Notice of a meeting of a Board Committee may be given at any time and in any manner reasonably designed to inform the members of such Board Committee of the time and place of such meeting. At

- 12 -

DEF 000879

the first meeting of the year each Board Committee shall adopt a tentative schedule of meetings to be held during the year.

7.5   Quorum.  A majority of the members of a Board Committee then in office shall constitute a quorum for the transaction of business at any meeting of such Board Committee.

7.6   Manner of Acting.

   a.   Formal Action by a Board Committee.  The act of a majority of the members of a Board Committee present at a meeting at which a quorum is present shall constitute the act of such Board Committee, unless otherwise herein or by statute provided.

   b.   Informal Action by a Board Committee.  No action of a Board Committee shall be valid unless taken at a meeting at which a quorum is present, except that any action which may be taken at a meeting of a Board Committee may be taken without a meeting if a consent in writing (setting forth the action so taken) shall be signed by all members of such Board Committee entitled to vote.

   c.   Telephonic Meeting.  Members of any Board Committee may participate in a meeting of such Board Committee by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, unless otherwise prohibited by statute or the resolution creating such Board Committee.  Participation in a Board Committee meeting pursuant to this section shall constitute presence in person at such Board Committee meeting.

7.7   Resignations and Removal.  Any member of a Board Committee may resign from such Board Committee at any time by giving written notice to the Chairperson of the Board or the President of the Corporation, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.  An appointed member of a Board Committee may be removed from such position at any time by the Board with or without cause.  The Chairperson of the Board may be removed from the Executive Committee only by action of the Class A Directors.

7.8   Vacancies.  Any vacancy occurring in the membership of a Board Committee (except for the ex-officio members) and any membership thereon to be filled by reason of an increase in the number of members of such Board Committee shall be filled by action of the Board.

7.9   Procedure.  The chairperson for each Board Committee may appoint a vice-chairperson and secretary for such Board Committee.  A Board Committee may adopt its own rules of procedure to govern its activities which shall not be inconsistent with these Bylaws.

- 13 -

EXHIBIT JM-3

DEF 000880

Column A - Mercy Health Bylaws

## ARTICLE VIII
## OFFICERS

8.1     <u>Officers</u>.  The Officers of the Corporation shall be a President, Secretary, and Treasurer. The Corporation may, at the discretion of the President, have additional Officers, including, without limitation, one or more Vice Presidents, Senior Vice Presidents or Executive Vice Presidents and one or more Assistant Treasurers or Assistant Secretaries. One person may hold two or more offices.  The duties of certain offices are prescribed in the following sections.  When the incumbent of an office is unable to perform the duties thereof or when there is no incumbent of an office (both such situations referred to hereafter as the "absence" of the Officer) the duties of the office shall be performed by the President, or whom he or she shall so designate.

8.2     <u>Appointment and Tenure</u>.  The President of the Corporation shall be appointed each year by the Board.  All other Officers of the Corporation shall be appointed each year by the President of the Corporation.  Each Officer shall hold office from the date of such Officer's appointment until his or her successor is appointed, unless he or she shall sooner resign.

8.3     <u>Resignations and Removal</u>.  Any Officer may resign at any time by giving written notice to the President of the Corporation or the Board, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.  The President of the Corporation may be removed by the Board at any time with or without cause.  All other Officers of the Corporation may be removed by the President of the Corporation at any time with or without cause.

8.4     <u>Vacancies</u>.  If a vacancy shall occur in the office of the President, such vacancy may be filled by the Board for the unexpired portion of the term of such office.  If a vacancy shall occur in any office other than the office of the President, such vacancy may be filled by the President of the Corporation for the unexpired portion of the term of such office.

8.5     <u>President</u>.  The President shall be the Chief Executive Officer of the Corporation and shall have all of the authority necessary and appropriate to carry out that function.  The President shall be an ex-officio member of the Board and all Board Committees.  The President shall perform such duties as may be assigned to said office by the Board.

8.6     <u>Vice Presidents and Other Officers</u>.  The President may appoint one or more Vice Presidents, Senior Vice Presidents and Executive Vice Presidents.  Each such officer shall perform all the duties incident to said office and such other duties as may be assigned to said office by the President.  The President may appoint a Chief Operating Officer of the Corporation who shall perform the duties assigned to such office by the President.  The President may also appoint one or more Assistant Treasurers and/or

- 14 -

**EXHIBIT JM-3**
15

Column A - Mercy Health Bylaws

Assistant Secretaries who shall perform the duties assigned to such office by the President.

8.7   Secretary.  The Secretary shall, subject to the direction of the President, keep the minutes of the meetings of the Board and all Board Committees in one or more books provided for that purpose; assure that minutes of all meetings of the Class A Directors, the Board, and all Board Committees are prepared and filed with the records of the Corporation; assure that all notices are given in accordance with the provisions of these Bylaws and as required by law; be custodian of the corporate records and the seal of the Corporation; and, in general, perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to him or her by the President.

8.8   Treasurer.  The Treasurer shall, subject to the direction of the President, have charge and custody of and be responsible for all funds and securities of the Corporation; receive and give receipt for monies due and payable to the Corporation from any source whatsoever; deposit all such monies in the name of the Corporation in such financial institutions, trust companies, or other depositories as the Board shall determine; and, in general, perform all the duties incident to the office of Treasurer and such other duties as from time to time may be assigned to him or her by the President.

8.9   Compensation.  Officers shall serve without compensation other than such compensation, if any, as they may receive for their services as employees of the Corporation.

8.10  Bond.  If required by the Board, any Officer of the Corporation shall give a bond for the faithful discharge of his or her duties in such sum and with such surety as the Board shall determine.

## ARTICLE IX
## MISCELLANEOUS

9.1   Contracts.  The Board may authorize any Officer or agent of the Corporation, in addition to the Officers so authorized by these Bylaws, to enter into any contract or execute any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances.

9.2   Checks, Drafts, Etc.  All checks, drafts, or other orders for the payment of money, and all notes or other evidences of indebtedness issued in the name of the Corporation shall be signed by such Officer or Officers, agent or agents of the Corporation and in such manner as shall from time to time be determined by the President.  In the absence of such determination by the President, such instruments shall be signed by the Treasurer or CFO and countersigned by a Vice President.

- 15 -

EXHIBIT JM-3
DEF 000882

9.3 <u>Deposits</u>. All funds of the Corporation shall be deposited from time to time to the credit of the Corporation in accounts maintained with such financial institutions, trust companies, or other depositories as the Officers may from time to time determine.

9.4 <u>Gifts</u>. The Board or the Officers may accept on behalf of the Corporation any contribution, gift, bequest, or devise for and consistent with the general purposes, or for and consistent with any specific purpose, of the Corporation.

9.5 <u>Books and Records</u>. The Corporation shall keep correct and complete books and records of account and the minutes of the proceedings of the Board and the Board Committees; records shall be open to inspection by Directors at any reasonable time and the right to make such inspection shall include the right to make extracts.

9.6 <u>Annual Report</u>. The Treasurer or CFO shall cause an annual financial report to be submitted to the Board no later than one hundred eighty (180) days after the close of each fiscal year of the Corporation containing such information as shall be specified by the Board.

9.7 <u>Fiscal Year</u>. The fiscal year of the Corporation shall begin on the first day of July and end on the last day of June in each year, unless otherwise determined by resolution of the Board.

9.8 <u>Seal</u>. The Board may provide a corporate seal for use by the Corporation.

9.9 <u>Notice</u>.

    a. <u>Effective Date.</u> Any notice required or permitted to be given pursuant to the provisions of the Missouri General Nonprofit Corporation Law, the Articles of Incorporation, or these Bylaws, shall be effective as of the date personally delivered; if sent via facsimile transmission, on the date of transmission if confirmation is received; or, if sent by mail, on the date deposited with the United States Postal Service, prepaid and addressed to the intended receiver at his or her last known address as shown in the records of the Corporation.

    b. <u>Waiver of Notice.</u> Whenever any notice is required to be given pursuant to the provisions of the Missouri General Nonprofit Corporation Law, the Articles of Incorporation, or these Bylaws, a waiver thereof in writing signed by the persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

9.10 <u>Loans to Directors or Officers Prohibited</u>. No loans shall be made by the Corporation to the Directors or Officers of the Corporation except as approved by the President of the Corporation.

EXHIBIT JM-3

DEF 000883

9.11   <u>Indemnification of Directors, Officers, and Others</u>.  The Corporation shall indemnify any Director or Officer or former Director or Officer for expenses and costs (including, without limitation, reasonable attorneys' fees) actually and necessarily incurred by him or her in connection with any claim asserted against him or her, by action in court, or otherwise by reason of his or her being or having been such Director or Officer, except in relation to matters as to which he or she shall have been adjudged guilty of gross negligence or misconduct with respect to the matter in which indemnity is sought.  The Corporation, by resolution of the Board adopted by a majority of the Directors, may, under comparable terms and limitations, indemnify employees and agents of the Corporation with respect to activities within the scope of their services as members of committees, or other officials of the Corporation.

9.12   <u>Revocation of Authorizations</u>.  No authorization, assignment, referral, or delegation of authority by the Board to any committee, Officer, or agent shall preclude the Board from exercising the authority required to meet its responsibility for the conduct of the Corporation.   The Board shall retain the right to rescind any such authorization, assignment, referral, or delegation.

9.13   <u>Duality of Interest Transactions</u>.  Directors and Officers of this Corporation have a duty of undivided loyalty to this Corporation in all matters affecting this Corporation's interests.  Except with respect to contracts and transactions between this Corporation and other entities in the Ministry, any contract or other transaction that may be entered into between this Corporation and one or more Director or Officers, or between this Corporation and any other corporation, firm, association, or other entity in which one or more Directors or Officers are directors, trustees, or officers, or have a significant financial or influential interest, may be declared void or voidable by the Board unless all of the following conditions are met:

a.   The relevant and material facts as to such Director's or Officer's interest in such contract or transaction and as to any common directorship, officership, or financial or influential interest were disclosed in good faith in advance by such Director or Officer to the Board, and such facts are reflected in the minutes of the Board meeting; and

b.   The relevant and material facts, if any, known to such interested Director or Officer with respect to such contract or transaction which might reasonably be construed to be adverse to the Corporation's interest were disclosed in good faith in advance by such Director or Officer to the Board, and such facts are reflected in the minutes of the Board meeting; and

c.   Such interested Director or Officer has, as determined by the judgment of the Board: (a) made the disclosures and fully responded to questions concerning the matters referred to in A and B above; (b) fully met the burden of proof at the time such contract or transaction is authorized that the contract or transaction is fair and

- 17 -

EXHIBIT JM-3

reasonable to this Corporation; and (c) not otherwise significantly influenced the action of the Board with respect to the contract or transaction, and all such determinations by the Board are reflected in the minutes of the Board meeting; and

d. The Board authorized such contract or transaction by a vote of at least a majority of the Directors present at a meeting at which a quorum was present, and such interested Director or Officer was either not present at such time as the vote was taken or not counted in determining the presence of a quorum or in determining the majority vote.

9.14   <u>Regulations</u>.  The Board may adopt, amend, or repeal regulations (not inconsistent with these Bylaws) for the management of the internal affairs of the Corporation and the governance of its Officers, agents, employees, and committees.

9.15   <u>Corporate Policy</u>.   The Board may adopt, amend, and repeal a Corporate Policy containing provisions applicable to the operations of the Corporation which, unless otherwise specified, shall be deemed to be advisory only.

9.16   <u>Vote by Presiding Officer</u>.  The person acting as presiding officer at any meeting held pursuant to these Bylaws shall, if a voting member, be entitled to vote on the same basis as if not acting as presiding officer.

9.17   <u>Gender and Number</u>.  Whenever the context requires, the gender of all words used herein shall include the masculine, feminine, and neuter, and the number of all words shall include the singular and plural thereof.

9.18   <u>Articles and Other Headings</u>.  The Articles and other headings contained in these Bylaws are for reference purposes only and shall not affect the meaning or interpretation of these Bylaws.

## ARTICLE X
## AMENDMENTS TO BYLAWS

These Bylaws may be altered, amended, or repealed and new and replacement bylaws may be adopted by the Board subject to the approval of the Class A Directors as required in Section 6.3 above.

**EXHIBIT JM-3**

DEF 000885

Column A - Mercy Health - Bylaws

## ARTICLE XI
## AMENDMENTS TO ARTICLES OF INCORPORATION

The Articles of Incorporation of the Corporation may be altered, amended, or repealed and new and replacement articles of incorporation may be adopted by the Board subject to the approval of the Class A Directors as required in Section 6.3 above.

EXHIBIT JM-3

20

DEF 000886

Column A - Mercy Health, Bylaws

## HISTORY OF BYLAWS

These Amended and Restated Bylaws were adopted as of the 14th day of September, 2011 and replace the initial Bylaws of the Corporation, which were first adopted as of the 30th day of September, 1986.

Amendments made subsequent to the 14th day of September, 2011 should be listed below:

| AMENDMENTS | | |
|---|---|---|
| CHANGE NUMBER | DATE OF ADOPTION | SECTIONS AMENDED |
| 1 | June 10-11, 2013 | 5.1, 5.3, 5.4, 5.10 |
| 2 | August 8, 2014 | Added Section 5.17 Vice-Chairperson |

- 20 -

DEF 000887

## TABLE OF CONTENTS

**ARTICLE I DEFINITIONS** ...................................................................................................1

**ARTICLE II OFFICES** ........................................................................................................2

**ARTICLE III PURPOSES AND POWERS**
3.1     General Purpose .......................................................................................................2
3.2     Specific Purposes .....................................................................................................2
3.3     Powers .....................................................................................................................3

**ARTICLE IV MEMBERS**
4.1     Members ..................................................................................................................3

**ARTICLE V BOARD**
5.1     Composition and Designation ..................................................................................3
5.2     Functions ..................................................................................................................4
5.3     Qualifications ...........................................................................................................4
5.4     Appointment and Term ............................................................................................5
5.5     Annual and Regular Meetings ..................................................................................6
5.6     Special Meetings ......................................................................................................6
5.7     Notice, Waiver ..........................................................................................................6
5.8     Quorum .....................................................................................................................6
5.9     Manner of Acting ......................................................................................................6
        a. Formal Action by Board......................................................................................6
        b. Informal Action by Board....................................................................................6
        c. Telephonic Meeting ............................................................................................7
5.10    Meeting of Class A Directors ..................................................................................7
5.11    Resignations and Removal .......................................................................................7
5.12    Vacancies .................................................................................................................7
5.13    Compensation ..........................................................................................................7
5.14    Orientation and Formation of Directors...................................................................7
5.15    Chairperson ..............................................................................................................7
        a. Appointment and Qualifications .........................................................................7
        b. Resignation, Removal and Vacancy ...................................................................8
        c. Responsibilities ..................................................................................................8
5.16    Chairperson of Class A Directors ............................................................................8
        a. Appointment .......................................................................................................8
        b. Resignation, Removal and Vacancy ...................................................................8
        c. Responsibilities ..................................................................................................8
5.17    Vice-Chairperson .....................................................................................................9
        a. Appointment .......................................................................................................9
        b. Resignation, Removal and Vacancy ...................................................................9
        c. Responsibilities ..................................................................................................9

- i -

**EXHIBIT JM-3**

DEF 000888

Column A - Mercy Health_ Bylaws

**ARTICLE VI POWERS AND RESERVED POWERS**
6.1 General Powers .................................................................9
6.2 Specific Powers and Responsibilities of the Board ..................10
6.3 Powers and Responsibilities of the Class A Directors ..............10

**ARTICLE VII BOARD COMMITTEES**
7.1 Executive Committee .......................................................11
   a. Composition and Appointment ........................................11
   b. Authority and Functions ..............................................11
   c. Tenure ..................................................................11
   d. Vacancies .............................................................12
7.2 Addition or Combination of Board Committees ......................12
   a. Addition of Board Committees .......................................12
     i. Composition and Appointment .....................................12
     ii. Powers and Functions ............................................12
   b. Combination of Board Committees ...................................12
7.3 Tenure .....................................................................12
7.4 Meetings and Notice ......................................................12
7.5 Quorum ....................................................................13
7.6 Manner of Acting .........................................................13
   a. Formal Action by a Board Committee ................................13
   b. Informal Action by a Board Committee ..............................13
   c. Telephonic Meeting ...................................................13
7.7 Resignations and Removal ...............................................13
7.8 Vacancies .................................................................13
7.9 Procedure .................................................................13

**ARTICLE VIII OFFICERS**
8.1 Officers ....................................................................14
8.2 Appointment and Tenure .................................................14
8.3 Resignations and Removal ...............................................14
8.4 Vacancies .................................................................14
8.5 President ..................................................................14
8.6 Vice-Presidents and Other Officers ....................................14
8.7 Secretary ..................................................................15
8.8 Treasurer ..................................................................15
8.9 Compensation ............................................................15
8.10 Bond .....................................................................15

**ARTICLE IX MISCELLANEOUS**
9.1 Contracts .................................................................15
9.2 Checks, Drafts, Etc. .....................................................15
9.3 Deposits ..................................................................16
9.4 Gifts .......................................................................16
9.5 Books and Records .......................................................16

**EXHIBIT JM-3**

DEF 000889

9.6     Annual Report .................................................................................16
9.7     Fiscal Year .....................................................................................16
9.8     Seal ................................................................................................16
9.9     Notice ............................................................................................16
        a.  Effective Date ........................................................................16
        b.  Waiver of Notice ....................................................................16
9.10    Loans to Directors or Officers Prohibited .....................................16
9.11    Indemnification of Directors, Officers, and Others ........................17
9.12    Revocation of Authorizations ........................................................17
9.13    Duality of Interest Transactions ....................................................17
9.14    Regulations ....................................................................................18
9.15    Corporate Policy ............................................................................18
9.16    Vote by Presiding Officer ..............................................................18
9.17    Gender and Number .......................................................................18
9.18    Articles and Other Headings ..........................................................18

**ARTICLE X AMENDMENTS TO BYLAWS** ...........................................18

**ARTICLE XI AMENDMENTS TO ARTICLES OF INCORPORATION** ............19

- iii -

**EXHIBIT JM-3**                                               DEF 000890