IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CONWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-01113-RLW |
| MERCY HOSPITAL ST. LOUIS, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 4.01(E), Defendant Mercy Hospital St. Louis ("Mercy" or "Defendant"), through its undersigned counsel, hereby provides its Response to Plaintiff's Additional Material Facts as follows:

**Introduction**

After expressly admitting all thirteen (13) paragraphs of material facts submitted by Defendant Mercy in support of its Motion for Summary Judgment, Plaintiff now asserts an additional twenty-one (21) allegedly material facts. However, a "fact is 'material' if it may 'affect the outcome of the suit.'" *Erickson v. Nationstar Mortgage, LLC*, 31 F.4th 1044, 1048 (8th Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Plaintiff may not rest upon mere allegations or denials in her pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). Instead, she must set forth specific facts showing there is sufficient evidence to allow a verdict in her favor. *Id*. at 249. Those facts must be supported by admissible evidence in the record. Statements of fact not properly supported by admissible evidence or that do not conform to Rule 56 cannot be considered by the Court. *Northwest Hamilton Lake Development Co., LLC*

1

*v. American Federal, Inc.*, 2006 WL 47432, *2 (E.D. Mo. 2006), quoting *Howard v. Columbia Public School Dist.*, 363 F.3d 797, 801 (8th Cir. 2004).

Because this case has been separated into two separate discovery phases, so as to adjudicate the issue of whether Mercy is a religious organization under Title VII, and therefore exempt from religious discrimination liability, any facts asserted must be material to affect the decision of whether Mercy is a religious organization under Title VII. The current issue is ***not*** whether Mercy discriminated or retaliated against Plaintiff in any way. Facts not pertaining to Mercy's religious organization status based upon the applicable legal test to be considered by the Court are not "material" and have no effect on the determination of Mercy's religious organization status. *See Humphrey v. Dresser-Rand Co.*, 2013 WL 4805804, *3 (E.D. Mo. Sept. 9, 2013) ("[o]nly disputes over facts that might affect the outcome will properly preclude summary judgment").

**Plaintiff's Additional Facts and Mercy's Response:**

14. Defendant Mercy Hospital St. Louis's doctors and nurse practitioners are not employees of Defendant, but are employed by a different sub-entity. Exhibit 1, Conway Affidavit. ¶3.

**RESPONSE: Mercy admits its employed physicians and nurse practitioners are employees of Mercy Clinic East Communities, a wholly-owned subsidiary of Mercy Health. Defendant further states that all other Mercy co-workers, including Plaintiff, are employed by MHM Support Services, Inc., a wholly-owned subsidiary of Mercy Health.** *See* **Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶¶ 4-5, 7, 9. Further answering, whether doctors or nurse practitioners are employees of Defendant is wholly irrelevant to the issue at hand,**

2

i.e., whether Mercy Hospital St. Louis (i.e., the Defendant in this case) is a religious organization for purposes of the exemption provided by Title VII.

15. Defendant Conway worked for a for-profit sub entity of Mercy. *Id*.

**RESPONSE: Mercy denies this allegation. Not only does this contradict Plaintiff's admission of Mercy's material fact number 11 [***see*** Doc. No. 20], but it is blatantly false. Plaintiff was directly employed by MHM Support Services and worked at Mercy Hospital St. Louis (a dba of Mercy Hospitals East Communities). See Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶ 7.  Both of those entities are religious non-profit organizations. *Id*.; *see also* Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 13-14, 26-28. Further answering, the evidence cited in support of Plaintiff's asserted fact is a self-serving, conclusory Declaration of Plaintiff, which contradicts Plaintiff's own admissions and Defendant's own financial records. *See, e.g., Pace v. Wells Fargo Bank, N.A.*, No. 4:11-CV-489 CAS, 2012 WL 3705088, at \*6 (E.D. Mo., Aug. 27, 2012) (*citing Connolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) or the holding that "a properly supported motion for summary judgment is not defeated by a self-serving affidavits.").**

16. The vast majority of employees at Mercy are not Catholic. *Id*. at 4.

**RESPONSE: Mercy denies this allegation. The evidence cited does not support this asserted fact, as the purported evidence is merely Plaintiff's own self-serving, conclusory declaration.  *See, e.g., Pace v. Wells Fargo Bank, N.A.*, No. 4:11-CV-489 CAS, 2012 WL 3705088, at \*6 (E.D. Mo., Aug. 27, 2012) (*citing Connolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) or the holding that "a properly supported motion for summary judgment is not**

3

defeated by a self-serving affidavits."). Additionally, Plaintiff has not established or laid a proper foundation for the allegation that she knows the "vast majority" of employees at Mercy are not Catholic, especially considering there are over 40,000 Mercy employee. Answering further, Mercy admits that employees do not need to belong to the Catholic faith and states that this fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar. Even though being Catholic is not a requirement for employment with Defendant, every employee must respect and uphold the religious mission of Mercy and comply with the Ethical and religious Directives for Catholic Health Services of the National Conference of Catholic Bishops ("ERDs"). *See* Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 39-42, 45-50.

17. During the training process for workers, no instruction is given about the Catholic religion. *Id*. at 5.

**RESPONSE: Mercy denies this allegation.** *See* **Mercy's response to paragraph 16 above and Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 39-42, 45-50.**

18. Defendant Mercy does not hold regular worship services for its employees. *Id.* at 12.

**RESPONSE: Mercy denies this allegation.** *See* **Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 55-57. In any event, this alleged fact is immaterial. Whether Mercy holds regular worship services for its employees has no bearing on the issues before the Court on Mercy's summary judgment motion. Holding worship services is not one of the factors used to determine Mercy's religious organization**

4

status or the Title VII exemption at issue in this case. *See  LeBoon v. Lancaster Jewish Community Center Ass'n*, 503 F.3d 217, 226 (3d Cir. 2007); *Hall v. Baptist Memorial Health Care Corp.*, 215 F.3d 618 (6th Cir. 2000); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 190, 196 (4th Cir. 2011).

19. Defendant Mercy does not ask workers if they are Catholic during the interview process, and indeed never discussed religion with its employees until the vaccine mandate. *Id*. at ¶ 5.

**RESPONSE: Mercy denies this allegation. Employees do not need to practice Catholicism outside of work but must support Mercy's Catholic mission and ministry while at work.** *See* **Mercy's response to paragraph 16 above and Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶ 6; see also Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 39-42, 45-50, 55-59.**

20. During the years 2017-2019, Mercy's entities accumulated a total of $3,207,180 in income unrelated to their non-profit status. Exhibit 4 at 2, ¶ 39 ($61,529); Exhibit 3 at 2 ¶ 38 ($94,051); Exhibit 2 at 1 ¶ 13 ($934,593); Exhibit 7 at 1 ¶ 13 ($3,014,741); Exhibit 6 at 1 ¶ 13 ($2,886,178); Exhibit 5 at 1 ¶ 13 (-$3,783,912).

**RESPONSE: Mercy denies this allegation. Not only does this contradict Plaintiff's admission of Mercy's material fact number 11 [***see*** Doc. No. 20], but it is blatantly false. Defendant Mercy and all of its related entities up the organizational chart through Mercy Health are non-profit religious organizations and the income (or loss, as the case might be) that Plaintiff refers to in this allegation is from investments in unrelated investment funds**

5

and does not affect Mercy's non-profit, tax-exempt and religious statuses. *See* **Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶¶ 10-12;** *see also* **Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 9-18, 26-29.**

21. In 2017, Mercy Hospitals East Communities reported a $124,431 dollar profit from their lab services business and $793,482 in gross income from their retail business. Exhibit 2.

**RESPONSE: Mercy denies this allegation. Plaintiff has not established or laid a proper foundation for the allegation. Moreover, the fact that Defendant Mercy or a related entity receives revenue for healthcare services or goods does not convert them to for-profit organizations or demonstrate that they realize any "profit." Instead, the controlling tax documents are Mercy's IRS Forms 990 (and not the IRS Forms 990-T, which are simply addenda or additional filings).** *See* **Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶¶ 9-12;** *see also* **Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 17, 26-29. Importantly, Mercy provides millions of dollars' worth of healthcare services at no cost each year to numerous patients who cannot afford the costs of healthcare services (which is also reflected in its tax filings).** *See* **Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶¶ 8-9. In any event, this allegation is wholly irrelevant to the issue at hand, i.e., whether Mercy Hospital St. Louis (i.e., the Defendant in this case) is a religious organization for purposes of the exemption provided by Title VII.**

22. In 2019, Mercy Hospital East Communities had for profit equity interests in at least 28 sub entities, including S-Corps it had an interest in or partnerships. Exhibit 7 at 8.

6

**RESPONSE: Mercy denies this allegation. Plaintiff has not established or laid a proper foundation for the allegation. Moreover, this allegation is blatantly false. The listings in Plaintiff's Exhibit 7 at p. 8 are investment funds into which Defendant invested some of its funds, and this allegation does not convert Defendant Mercy into a for-profit organization or destroy its religious ownership and operation.** *See* **Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶¶ 9-12. In any event, this allegation is wholly irrelevant to the issue at hand, i.e., whether Mercy Hospital St. Louis (i.e., the Defendant in this case) is a religious organization for purposes of the exemption provided by Title VII.**

23. Mercy Hospital St. Louis employs individuals who do not believe in or practice Catholicism. Exhibit 1, Conway Declaration ¶4-5; Exhibit 3.

**RESPONSE: Mercy denies this allegation. The evidence cited does not support this asserted fact, as the evidence is merely Plaintiff's own self-serving, conclusory declaration.** *See, e.g., Pace v. Wells Fargo Bank, N.A.***, No. 4:11-CV-489 CAS, 2012 WL 3705088, at \*6 (E.D. Mo., Aug. 27, 2012) (***citing Connolly v. Clark***, 457 F.3d 872, 876 (8th Cir. 2006) or the holding that "a properly supported motion for summary judgment is not defeated by a self-serving affidavits."). Additionally, Plaintiff has not established or laid a proper foundation for the allegation. Answering further, Mercy admits that employees do not need to belong to the Catholic faith or practice it outside of work because. Being Catholic is not a requirement for employment with Defendant, although every employee must respect and uphold the religious mission of Mercy and comply with the Ethical and religious Directives for Catholic Health Services of the National Conference of Catholic Bishops ("ERDs").** *See* **Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶**

7

**39-42, 45-50. In any event, this fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

24. Mercy Hospital St. Louis holds itself out to the public as an equal employer that welcomes patients of all races, religions, ethnicities, political views, and genders. Exhibit 1, Conway Declaration ¶¶4-5; Exhibit 3.

**RESPONSE: This allegation contains a non-sequitur (*i.e.*, it talks about Mercy holding itself out as an equal "employer" but then refers to Mercy's welcoming of patients of all races, religions, ethnicities, etc.). In any event, Mercy admits it treats patients of all backgrounds and employees individuals of all backgrounds – however, every employee must respect and uphold the religious mission of Mercy and comply with the Ethical and religious Directives for Catholic Health Services of the National Conference of Catholic Bishops ("ERDs"). *See* Declaration of Kevin Minder, Ph.D., Doc. No. 17 (which is Exhibit A to Doc. No. 16) at ¶¶ 39-42, 45-50. In any event, this fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

25. The CMS Mandate requires healthcare providers like Mercy Hospital St. Louis establish and implement a process by which staff may request an exemption from COVID–19 vaccination requirements. Exhibit 4.

**RESPONSE: Mercy denies this allegation because the evidence cited (*i.e.*, Plaintiff's Exhibit 4, Mercy Hospitals East Communities IRS Form 990-T, which does not reference or have anything to do with the COVID-19 pandemic and national emergency or with the**

8

federal government's vaccine mandate for healthcare facilities and their staff) does not support this statement.  Mercy admits, however, that the CMS Mandate actually *disfavors* vaccine exemptions and only allows Mercy to retain unvaccinated staff if that staff member has a bona fide legal right to a reasonable accommodation pursuant to Title VII or the ADA. *See* External FAQ: CMS Omnibus COVID-19 Health Care Staff Vaccination Interim Final Rule, found at https://www.cms.gov/files/document/cms-omnibus-covid-19-health-care-staff-vaccination-requirements-2021.pdf (at p. 12).  In any event, Defendant states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.

26. The CMS Mandate requires healthcare providers like Mercy Hospital St. Louis to have a process for collecting and evaluating such requests, including the tracking and secure documentation of information provided by those staff who have requested exemption, the facility's decision on the request, and any accommodations that are provided. Exhibit 4.

**RESPONSE: Mercy denies this allegation because the evidence cited (*i.e.*, Plaintiff's Exhibit 4, Mercy Hospitals East Communities IRS Form 990-T, which does not reference or have anything to do with the COVID-19 pandemic and national emergency or with the federal government's vaccine mandate for healthcare facilities and their staff) does not support this statement.  Mercy admits, however, that the CMS Mandate actually *disfavors* vaccine exemptions and only allows Mercy to retain unvaccinated staff if that staff member has a bona fide legal right to a reasonable accommodation pursuant to Title VII or the ADA. *See* External FAQ: CMS Omnibus COVID-19 Health Care Staff Vaccination Interim Final Rule, found at https://www.cms.gov/files/document/cms-omnibus-covid-19-health-care-**

staff-vaccination-requirements-2021.pdf **(at p. 12). In any event, Defendant states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

27. The CMS Mandate requires healthcare providers like Mercy Hospital St. Louis to document and evaluate requests for religious exemptions in accordance with applicable Federal law and each facility's policies and procedures. Exhibit 4.

**RESPONSE: Mercy denies this allegation because the evidence cited (*i.e.*, Plaintiff's Exhibit 4, Mercy Hospitals East Communities IRS Form 990-T, which does not reference or have anything to do with the COVID-19 pandemic and national emergency or with the federal government's vaccine mandate for healthcare facilities and their staff) does not support this statement. Mercy admits, however, that the CMS Mandate actually *disfavors* vaccine exemptions and only allows Mercy to retain unvaccinated staff if that staff member has a bona fide legal right to a reasonable accommodation pursuant to Title VII or the ADA. *See* External FAQ: CMS Omnibus COVID-19 Health Care Staff Vaccination Interim Final Rule, found at https://www.cms.gov/files/document/cms-omnibus-covid-19-health-care-staff-vaccination-requirements-2021.pdf (at p. 12). In any event, Defendant states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

28. Mercy Hospital St. Louis states in their religious exemption section of their Covid-19 Vaccine Policy that exemption applicants must upload their Religious Exemption

Request Form, along with a certification form from their religious leader or other person who can attest the individual's religious beliefs are sincerely held, by August 15, 2021. Exhibit 1, Conway Declaration ¶¶6-7; Exhibit 5.

**RESPONSE: Mercy denies this allegation because the evidence cited (*i.e.*, Plaintiff's Exhibit 5, Mercy Health IRS Form 990-T, which does not reference or have anything to do with Mercy's COVID-19 vaccination policy. Mercy admits, however, that it implemented a COVID-19 vaccination policy (both because it was consistent with its Mission and because it was required by the CMS Mandate). *See* Mercy's Additional Facts, Doc. No. 23 at Exhibit B, ¶ 13. In any event, Defendant further states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

29. Mercy Hospital did not raise the organizational status as a religious corporation as a defense to Plaintiff Conway's unemployment compensation appeal. Exhibit 8.

**RESPONSE: Mercy denies this allegation in that its religious ownership and operation was irrelevant to Plaintiff's unemployment compensation appeal. That statute does not have an exemption like Title VII has. *See, generally,* Chapter 288, RSMo. Moreover, Mercy denies this allegation as the evidence cited (*i.e.*, Plaintiff's Exhibit 8) does not support this statement because it is a screenshot from Mercy's "Diversity Programs & Initiatives" website page and has nothing to do with Plaintiff's unemployment compensation appeal. Finally, no finding of fact, conclusion of law, judgment or order made by the unemployment claim division is conclusive or binding in this separate and subsequent action, and such information shall not be used as evidence in this action, regardless of whether the**

unemployment claim proceedings were between the same or related parties or involved the same facts. *See* § 288.215.1, RSMo. In any event, Defendant further states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.

30. Plaintiff Conway completed and electronically submitted her request for religious exemption in accordance with Defendant Mercy' Hospital St. Louis' religious exemption section of their Covid-19 Vaccine Policy. Exhibit 1, Conway Declaration ¶¶6-7; Exhibits 5-7.

**RESPONSE: Mercy admits that Plaintiff completed and submitted a request for religious exemption from Defendant's COVID-19 Vaccination Policy. However, the evidence cited does not support the assertion because Plaintiff's Exhibits 5-7 are Mercy Health's IRS Forms 990-T for the years 2017-2019. In any event, Defendant further states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

31. Mercy Hospital St. Louis has granted religious accommodations for other employees who do not adhere by their Catholic beliefs. Exhibit 1, Conway Declaration ¶9.

**RESPONSE: Again Plaintiff's cited evidence does not match her allegation. Nonetheless, Mercy admits that it granted some of the religious accommodation requests submitted by employees pursuant to the COVID-19 Vaccination Policy and denied others. In any event, however, this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar. This allegation would, at**

12

**most, be pertinent to the substance of Plaintiff's religious discrimination claim, but it is not pertinent to the threshold issue raised by Mercy's summary judgment motion.**

32. Defendant Mercy Hospital failed to review Plaintiff's application for a religious accommodation upon submission. Exhibit 1, Conway Declaration ¶10, Exhibit 8.

**RESPONSE: Again Plaintiff's cited evidence does not match her allegation.  Nonetheless, Mercy denies it "failed to review Plaintiff's application for a religious accommodation" and Plaintiff's own Exhibit 12 demonstrates that Mercy *did review* her request and then denied it.  In any event, however, this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.  This allegation would, at most, be pertinent to the substance of Plaintiff's religious discrimination claim, but it is not pertinent to the threshold issue raised by Mercy's summary judgment motion.**

33. The Appeals Tribunal for the Missouri Division of Unemployment held that Defendant Mercy Hospital failed to follow its own established policy to determine when a religious exemption to a vaccination would be granted. Exhibit 1, Conway Affidavit ¶10, Exhibit 8.

**RESPONSE: Again Plaintiff's cited evidence does not match her allegation.  Mercy denies this allegation in that its religious ownership and operation was, and is, irrelevant to Plaintiff's unemployment compensation appeal. That statute does not have an exemption like Title VII has.  *See, generally,* Chapter 288, RSMo.  Moreover, Mercy denies this allegation as the evidence cited (*i.e.*, Plaintiff's Exhibit 8) does not support this statement because it is**

13

a screenshot from Mercy's "Diversity Programs & Initiatives" website page and has nothing to do with Plaintiff's unemployment compensation appeal. Finally, no finding of fact, conclusion of law, judgment or order made by the unemployment claim division is conclusive or binding in this separate and subsequent action, and such information shall not be used as evidence in this action, regardless of whether the unemployment claim proceedings were between the same or related parties or involved the same facts. *See* § 288.215.1, RSMo. In any event, Defendant further states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.

34. The Mercy witness at the hearing made no reference whatsoever to Mercy's putative religious corporation status. Conway Affidavit ¶ 12.

**RESPONSE: Mercy denies this allegation in that its religious ownership and operation was, and is, irrelevant to Plaintiff's unemployment compensation appeal. That statute does not have an exemption like Title VII has.** *See, generally,* **Chapter 288, RSMo. Moreover, no finding of fact, conclusion of law, judgment or order made by the unemployment claim division is conclusive or binding in this separate and subsequent action, and such information shall not be used as evidence in this action, regardless of whether the unemployment claim proceedings were between the same or related parties or involved the same facts.** *See* **§ 288.215.1, RSMo. In any event, even if true, Defendant further states that this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

35. Mercy Hospital's failure to follow its own established Covid-19 Vaccine Policy constitutes a violation of the CMS Mandate. Exhibit 1, Conway Affidavit ¶¶6-9; Exhibits 4-7.

**RESPONSE: Again Plaintiff's cited evidence does not match her allegation. The evidence cited (*i.e.*, Plaintiff's Exhibits 4-7) are Mercy IRS Forms 990-T for the years 2017-2019. Additionally, this allegation constitutes a legal conclusion. The legal argument that Mercy failed to follow its policy was a violation of the CMS Mandate is both false and immaterial. It is false because the CMS Mandate actually *disfavors* vaccine exemptions and only allows Mercy to retain unvaccinated staff if that staff member has a bona fide legal right to a reasonable accommodation pursuant to Title VII or the ADA. See External FAQ: CMS Omnibus COVID-19 Health Care Staff Vaccination Interim Final Rule, found at https://www.cms.gov/files/document/cms-omnibus-covid-19-health-care-staff-vaccination-requirements-2021.pdf (at p. 12). And, of course, this asserted fact is immaterial to the determination of whether Defendant is a religious organization under Title VII, which is the issue at bar.**

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        */s/ James M. Paul*
        James M. Paul, MO #44232
        Thomas R. Chibnall, MO #67994
        7700 Bonhomme Avenue, Suite 650
        St. Louis, MO  63105
        Telephone:  314-802-3935
        Facsimile:  314-802-3936
        thomas.chibnall@ogletree.com

        Attorneys for Defendant Mercy Hospital St. Louis

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of April, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Ott Law Firm
Joseph A. Ott
Mark E. Blankenship, Jr.
3544 Oxford Blvd.
Maplewood, MO 63143
Tel: (314) 293-3756
Fax: (314) 689-0080
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

        */s/ James M. Paul*
        An Attorney for Defendant Mercy Hospital St. Louis