IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

**FILED**
JUL 1 3 2023

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | |
|---|---|
| JEANETTE LAYTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20SL-CC04119 |
| MERCY HOSPITALS EAST COMMUNITIES, ET AL., | ) Division No. 6 |
| Defendants. | ) |

## FULL AND FINAL JUDGMENT GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Mercy Hospitals East Communities, Mercy Health, Mercy Clinic East Communities, and MHM Support Services' (hereinafter "Defendants") Motion for Summary Judgment as to all remaining claims asserted against it by Plaintiff Jeanette Layton ("Plaintiff"). Upon due consideration of the same, including all of the briefing by the Parties, and argument presented in connection therewith, The Court hereby GRANTS the Motion. Judgment is therefore granted in favor of Defendants and against Plaintiff on all remaining claims. Costs assessed against Plaintiff. The pre-trial conference docket of June 27, 2024 and the trial setting of July 8, 2024 are hereby vacated.

SO ORDERED:

_____
The Honorable John N. Borbonus
Circuit Judge, Division 6

7/13/23

**EXHIBIT A**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JEANETTE LAYTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20SL-CC04119 |
| MERCY HOSPITALS EAST COMMUNITIES, ET AL., | ) ) Division No. 6 ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Mercy Hospitals East Communities and Mercy Health (collectively, "Defendants"), pursuant to Missouri Supreme Court Rule 74.04, hereby move for summary judgment on Plaintiff Jeanette Layton's ("Layton" or "Plaintiff") claim of age discrimination pursuant to the Missouri Human Rights Act, § 213.055 RSMo. *et seq*. In support of their Motion, Defendants state as follows:

1. The Court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Rule 74.04; *see also Alton v. Missouri Dep't Pub. Safety*, 456 S.W.3d 134, 136 (Mo. App. W.D. 2015).

2. Summary judgment "enables the trial courts to rid themselves of the added burden of baseless cases, [and] saves litigants time, money and frustration." *Wood & Huston Bank v. Malan*, 815 S.W.2d 454, 457 (Mo. App. W.D. 1991). "It is foolish to have a procedural rule with a standard that is not attainable … [O]ur trial courts should employ a common sense approach to a determination of the availability of summary judgment." *Martin v. City of Washington*, 848 S.W.2d 487, 492 (Mo. banc 1993).

1

3. Under Missouri Rules of Civil Procedure, a defendant has a right to a summary judgment if it shows either (a) "facts that negate any one of the claimant's essential facts" or (b) "that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of claimant's elements." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). When the defendant makes this showing, the burden shifts to the non-movant to "set forth specific facts showing there is a genuine issue for trial." *Id.*

4. In this case, Plaintiff Jeanette Layton filed a two-count Amended Petition alleging that each Defendant violated the Missouri Human Rights Act by discriminating against her on the basis of her age.

5. As explained below, summary judgment for Defendants is appropriate because Defendants are not "employers" under the Missouri Human Rights Act as they are owned or operated by a religious organization, *i.e.*, the Roman Catholic Church.

6. The Missouri Commission on Human Rights has determined that Defendants are owned and operated by a religious organization, and therefore, excluded from coverage of the Missouri Human Rights Act and not subject to the jurisdiction of the Missouri Commission on Human Rights.

7. Plaintiff was only able to bring this suit before this Court after she received a Writ of Mandamus, ordering the Missouri Commission on Human Rights to administratively issue a Notice of Right to Sue to her because she requested a Right to Sue letter after 180 days and the Commission had not yet made a determination as of that request. *See* § 213.111.1, RSMo.

8. Despite her receipt of a Notice of Right to Sue, Defendants are still entitled to assert their defense that they are operated by a religious organization, and therefore, not subject to the

Missouri Human Rights Act as they are not considered "employers" under § 213.010(8) RSMo. *See Najib v. Missouri Comm'n on Human Rights*, 645 S.W.3d 528, fn. 11 (Mo.App. 2022) (explaining that "[t]he Commission never made a determination as to whether Mercy was an 'employer' under the Act prior to losing authority to continue processing Najib's complaint [, and t]he mere fact that the Commission never reached the issue in the administrative proceedings (when it had authority to do so) does not itself prevent Mercy from properly raising the issue of whether it is an 'employer' in subsequent proceedings in a related civil action filed pursuant to section 213.111.").

9. As explained more fully in Defendants' Statement of Uncontroverted Material Facts and Memorandum in Support of their Motion for Summary Judgment, which are expressly incorporated herein by reference, Defendants are entitled to summary judgment on all of Plaintiff's claims because there are no genuine issues of material fact for trial, and Defendants are entitled to summary judgment as a matter of law.

WHEREFORE, Defendants Mercy Hospitals East Communities and Mercy Health respectfully request that this Court grant summary judgment in their favor on all claims raised by Plaintiff in this action, enter judgment in Defendants' favor on all claims, award Defendants their costs and attorneys' fees incurred in this matter, and grant such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - April 28, 2023 - 04:05 PM

Electronically Filed - St Louis County - April 28, 2023 - 04:05 PM

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ James M. Paul*
James M. Paul, # 44232
Thomas R. Chibnall, # 67994
7700 Bonhomme Avenue, Suite 650
St. Louis MO, 63105
Telephone: 314.802.3935
Facsimile: 314.802.3960
james.paul@ogletree.com
thomas.chibnall@ogletree.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2023, the foregoing was electronically filed with the Court Administrator and service was made through the electronic filing system to:

Jill A. Silverstein
Ferne P. Wolf
Silverstein Wolfe, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
js@silversteinwolf.com
fw@silversteinwolf.com

Attorneys for Plaintiff

*/s/ James M. Paul*
Attorney for Defendants

55047459.v1-OGLETREE