UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMY D. BURLISON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:22-cv-01017-SEP |
| | ) | |
| MERCY HOSPITAL SOUTH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Mercy Hospital South's Motion to Dismiss Plaintiff's Complaint. Doc. [14]. For the reasons set forth below, Defendant's motion is granted.

**FACTS AND BACKGROUND**[1]

This case arises out of the termination of Plaintiff Amy Burlison's employment as a therapist for Defendant Mercy Hospital South, formerly St. Anthony's Medical Center. Doc. [11-1]. Plaintiff began her employment with Defendant in 2013. *Id.* ¶ 7. In July 2021, Defendant mandated that all employees be vaccinated against COVID-19 by no later than September 30, 2021. *Id.* ¶ 10. Plaintiff requested a religious exemption based on a "clear religious and intellectual aversion based upon her Christian belief against abortion," asserting that the vaccine had been "developed utilizing aborted fetal cells." *Id.* ¶ 12. Plaintiff did not receive the vaccine and was placed on involuntary suspension until October 30, 2021. *Id.* ¶ 11. On October 31, 2021, Plaintiff's employment was terminated due to her refusal to receive the vaccine. *Id.* ¶ 14.

On August 23, 2022, Plaintiff filed a charge with the EEOC alleging religious discrimination. Doc. [24-2] at 1. On September 26, 2022, after receiving a right-to-sue letter from the EEOC (Doc. [17-1]), Plaintiff filed this lawsuit alleging religious discrimination in violation of Title VII and the First and Fourteenth Amendments, as well as fraud under Missouri common law. Defendant moves to dismiss all counts for lack of subject-matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). Plaintiff opposes Defendant's motion, arguing that the EEOC, a "Legislative court," has already adjudicated her claims; that

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

**EXHIBIT A**

the EEOC's decision has res judicata effect; and that this Court is restricted to enforcing the EEOC's decision.[2]  Doc. [16] at 3-7.

## LEGAL STANDARDS

Defendant moves to dismiss Plaintiff's lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  As a threshold matter, the Court notes that the argument Defendant advances under Rule 12(b)(1)—i.e., whether a defendant qualifies as an "employer" under Title VII—is in fact issue to be considered under Rule 12(b)(6).  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (whether a defendant is an "employer" under Title VII is "an element of plaintiff's claim for relief, not a jurisdictional issue").  Therefore, the Court applies the legal standard for dismissal pursuant to Rule 12(b)(6) to all of Defendant's arguments.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and draws all reasonable inferences in favor of the nonmoving party.  *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989).  To survive a motion to dismiss, a complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'"  *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

---

[2] Because Plaintiff's claims must be dismissed on other grounds, the Court has no occasion to address this argument in full but notes that the EEOC is a federal agency, not a court; it does not adjudicate claims; and its actions do not have res judicata effect in this Court.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974) (The Commission cannot adjudicate claims . . . [and] final responsibility for enforcement of Title VII is vested with federal courts.").  Further, the EEOC did not issue any findings or determinations in Ms. Burlison's case.  It did not even investigate her claims.  At Plaintiff's request, the EEOC issued a right-to-sue letter one day after she filed her charge, pursuant to a policy allowing issuance of a notice of right-to-sue upon request when the agency determines it will be unable to finish an investigation within 180 days.  *See* Doc. [17-1]; 29 C.F.R. § 1601.28(a)(2).

**DISCUSSION**

I.   **Title VII Claims**

Plaintiff brings claims for religious discrimination in violation of Title VII of the Civil

Rights Act of 1964. *See* 42 U.S.C. § 2000e-1(a). Doc. [11-1] at 13-15. Defendant argues that

Plaintiff's Title VII claims must be dismissed because Mercy is a "religious organization" under

42 U.S.C. § 2000e-2(a)(1) and is thus exempt from religious discrimination claims. Doc. [15] at

5-11. Defendant also argues that Plaintiff's Title VII claims must be dismissed for failure to

exhaust her administrative remedies.[3] Doc. [17] at 1. The Court agrees that Defendant is

exempt from religious discrimination claims.

"Section 702 of the Civil Rights Act of 1964 . . . 42 U.S.C. § 2000e-1(a), exempts

religious organizations from Title VII's prohibition against discrimination in employment on the

basis of religion." *Corp. of Presiding Bishop of Church of Jesus Chris of Latter-Day Saints v.*

*Amos*, 483 U.S. 327, 329 (1987). Specifically, the "religious organization" exemption provides:

> This subchapter [i.e., Title VII of the Civil Rights Act of 1964, 42 U.S.C.
> § 2000-e et seq.] shall not apply . . . to a religious corporation, association,
> educational institution, or society with respect to the employment of
> individuals of a particular religion to perform work connected with the
> carrying on by such corporation, association, educational institution, or
> society of its activities.

42 U.S.C. § 2000e-1(a).[4]

---

[3] Defendant raises this argument for the first time in its reply brief. *See* Doc. 17 at 1. The Court is not
obligated to consider arguments raised for the first time in a reply, and because Plaintiff's claims are
subject to dismissal on other grounds, the Court will not consider this argument. *See Jewish Ctr. for Aged
v. U.S. Dept. of Hous. and Urb. Dev.,* 2006 WL 3751122, at *3 (E.D. Mo. Dec. 18, 2006). The Court
notes, however, that the argument appears to be well taken. Charges arising from alleged violations of
Title VII "are timely filed if received by the Commission within 180 days from the date of the alleged
violation." 29 C.F.R. § 1601.13(a)(2). Plaintiff was terminated on October 30, 2021, and filed her charge
of discrimination with the EEOC on August 23, 2022, nearly 300 days after her termination. Doc. [11-1]
at 11; Doc. [24-2].

[4] Plaintiff did not bring her claims under the Missouri Human Rights Act. Because pro se pleadings are
liberally construed, the Court could construe her claims as being brought under the MHRA as well as
Title VII. That would do nothing to rescue Plaintiff's claims, however, because the MHRA contains a
similar exemption for religious organizations. *See Wirth v. College of the Ozarks*, 26 F. Supp. 2d 1185,
1187 (W.D. Mo. 1998), *aff'd sub nom. Wirth v. College of the Ozarks*, 208 F.3d 219 (8th Cir. 2000)
("Similarly, the MHRA provides that 'corporations and associations owned and operated by religious or
sectarian groups' are not subject to the employment discrimination provisions set forth in Mo. Rev. Stat.
§ 213.055."). The Court notes that Plaintiff filed a claim with the Missouri Commission on Human
Rights on October 28, 2022, and she was notified that the Commission "lacks jurisdiction over this matter

Defendant's bylaws indicate that it is a Catholic hospital, created, owned and operated by the Roman Catholic Church, and is affiliated with the Sisters of Mercy and Mercy Health Ministry.  Doc. [15-4].[5]  Defendant's bylaws state that it operates "to witness to Christ's concern for the care of the sick and injured and the teachings of the Roman Catholic Church." *Id.* Defendant's Articles of Incorporation similarly state that it was established to "operate exclusively for charitable, religious, benevolent, educational, and scientific purposes," and that the company must operate "to serve the mission of the Roman Catholic Church and Mercy Health Ministry." *Id.*  Accordingly, courts have routinely found that Mercy Hospital entities qualify for the religious-organization exemption from Title VII.  *See e.g.*, *Boydston v. Mercy Hosp. Ardmore, Inc.*, 2020 WL 1448112 (W.D. Okla. Mar. 25, 2020) (Mercy Hospital is a religious entity "exempt under § 2000e-1(a) from Plaintiff's Title VII religious discrimination and retaliation claims."); *Young v. St. John's Mercy Health Sys.*, 2011 WL 9155 (E.D. Mo. Jan. 3, 2011); *Saeemodarae v. Mercy Health Servs.*, 456 F. Supp. 2d 1021, 1040 (N.D. Iowa 2006). The Court likewise concludes that Defendant is a religious organization exempt from Title VII religious discrimination and retaliation claims, and that Plaintiff's Title VII claims therefore fail.

## II.  **Constitutional Claims**

Plaintiff alleges violations of her First and Fourteenth Amendment rights in Counts Three, Four and Five, in which she argues that Defendant has subjected her to religious discrimination and compelled speech.  Doc. [11-1] at 15-21.  No doubt, "[t]he right to be free from compelled speech is secured by the First and Fourteenth Amendments," but those amendments constrain only state action.  *Hoekman v. Educ. Minnesota*, 41 F.4th 969, 977 (8th Cir. 2022).  A private actor's conduct may be deemed state action "only if that conduct is fairly attributable to the State." *Id.*  "A necessary condition for establishing state action is that an alleged deprivation has resulted from the exercise of a right or privilege having its source in state authority." *Id.*

---

because [Mercy] is owned or operated by a religious or sectarian group . . . exempt[ ] from coverage by the Missouri Human Rights Act."  Doc. [15-2].

[5] On a motion to dismiss, the Court may consider not just the allegations in the complaint, but also "matters incorporated by reference or integral to the claim[s], items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits . . . whose authenticity is unquestioned." *Zean v. Fairview Health Services*, 858 F.3d 520, 527 (8th Cir. 2017).  Defendant's by-laws and articles of incorporation are public records and may be considered by the Court without converting the motion into one for summary judgment. *Id.*

Defendant is a private hospital owned and operated by the Roman Catholic Church. Doc. [15-4]. Plaintiff does not allege, nor does this Court find any evidence that the alleged deprivations resulted from any state action or "the exercise of a right or privilege having its source in state authority." *Hoekman*, 41 F.4th at 977. The decisions to mandate the COVID-19 vaccine and to terminate Plaintiff were made by Defendant as a private employer. Because the constitutional violations alleged by Plaintiff are not attributable to state action, Plaintiff's constitutional claims are dismissed.

## III.   Fraud Claim

Plaintiff alleges a claim for common law fraud in Count Six. *See* Doc. [11-1] at 19. Under Missouri law, to state a claim for fraud, a plaintiff must plead:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. banc 2007) (citations omitted). Additionally, the Federal Rules of Civil Procedure require a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "That is, the plaintiff must plead, the who, what, when, where, and how" of the alleged fraud. *Meardon v. Register*, 994 F.3d 927, 934 (8th Cir. 2021) (internal quotation omitted).

Here, Plaintiff pleads only that defense counsel made "clear he knows the sitting judge 'very well' and seemingly utilized this pre-existing relationship to subvert clearly established law. . . ." Doc. [11-1] at 19. Plaintiff's factual allegations against defense counsel are conclusory and unsupported. Even if true, they do not satisfy the elements of common law fraud, much less state with particularity circumstances constituting fraud. Moreover, Plaintiff makes no factual allegations against Defendant itself. *See* Doc. [11-1] ¶ 52. Accepting Plaintiff's allegations as true, Count Six does not state a claim for relief; therefore, it is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. [14]) is **GRANTED.**

**IT IS FURTHER ORDERED** that all other pending motions in this matter are **DENIED** as moot.

A separate Order of Dismissal will be entered on this same date.

Dated this 17th day of July, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE