IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-01113-RLW |
| ) | |
| MERCY HOSPITAL ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL AUTHORITIES**

Defendant Mercy Hospital St. Louis ("Mercy" or "Defendant") submits the following in response to Plaintiff's Motion to Strike Defendant's Filing of Supplemental Authorities:

Plaintiff cites to Local Rule 4.01(c), claiming Defendant did not seek leave to file supplemental authorities with the Court. Plaintiff's reliance on this rule is mistaken as this rule applies only to "additional *memoranda*," which is not what Defendant filed. Rather, Defendant simply filed a notice to the court, apprising it of recent case developments – including a decision from the United States District Court for the Eastern District of Missouri – which relate directly to Defendant's status as a religious organization and the accompanying statutory defense to which it is entitled.  This is the exact issue pending before this Court on Defendant's Motion for Summary Judgment. Defendant did not make any additional legal arguments, raise any additional issues, or provide anything further to this court other than intervening decisions, one by a Judge sitting on this Court and two others by Missouri state circuit court judges. Defendant merely (and rightfully) apprised the Court of new case law developments applicable to the issue before the Court, including one from another Judge in this District.

1

Plaintiff urges this Court to strike Defendant's filings on July 14, 2023, and July 25, 2023 (Doc. 28-29) because Plaintiff claims the filings did not conform to the Court's local rules. However, Plaintiff's use of Federal Rule 12(f) is improper as a motion to strike may only be used to strike a pleading. *See* Fed. R. Civ. P. 12(f). Specifically, Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Defendant has not submitted a pleading. Moreover, Defendant's supplementation of additional authority, especially an order from another judge in this Court directly addressing the issue presented by Defendant's motion for summary judgment, is not redundant, immaterial, impertinent, or scandalous. In fact, it is directly applicable to the matter before this Court.

Plaintiff accuses Defendant of violating these procedural rules, but then proceeds to violate the same rule by **actually** submitting a memorandum making substantive legal arguments and attempting to distinguish the supplemental authority.  The cases, however, clearly speak for themselves and are directly controlling and/or instructive. This Court can readily see that these court decisions are either controlling (*Burlison*, Judge Pitlyk) or instructive (*Brown*, Judge Wallach, and *Layton*, Judge Borbonus) on the issue at bar.

If anyone is grasping at straws, it is Plaintiff, which she has done repeatedly throughout this litigation through misstatements and mischaracterizations of both fact and law.[1] Plaintiff did not ask the Court for leave to file her supplemental arguments, but thinly disguised her clear arguments as a "Motion to Strike."

---

[1] For example, Plaintiff's continued mischaracterization of the federal government's CMS vaccine mandate must be called out.   She refuses to accept (and wants to re-argue) the fact that the CMS mandate does not broaden any rights she might have pursuant to Title VII.  In fact, the CMS mandate disfavored and discouraged employee requests to be exempted from the mandate.  *See* Defendant's Reply Brief [Doc. #25] at pp. 7-11.  While the CMS mandate did not preempt or overrule Title VII's protections, it does not give Plaintiff any greater rights to religious accommodation than she had prior to the pandemic and the CMS mandate; nor does it abrogate Mercy's statutory defense as a religious organization.  *Id.*

Regardless, and out of an abundance of caution, Defendant contemporaneously files its Motion for Leave to File Supplemental Authority, attaching the court decisions and opinions previously filed in its notice of supplemental authority and thereby rendering Plaintiff's motion to strike as moot.

WHEREFORE, for the reasons set forth herein, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike Defendant's Filing of Supplemental Authority and for any such other relief as this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ James M. Paul*
James M. Paul, MO #44232
Thomas R. Chibnall, MO #67994
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
James.Paul@ogletree.com
Thomas.Chibnall@ogletree.com

Attorneys for Defendant Mercy Hospital St. Louis

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on the 8th day of August, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Ott Law Firm
Joseph A. Ott
Mark E. Blankenship, Jr.
3544 Oxford Blvd.
Maplewood, MO 63143
Tel: (314) 293-3756
Fax: (314) 689-0080
joe@ott.law
mark@ott.law

*Attorneys for Plaintiff*

                */s/ James M. Paul*
                An Attorney for Defendant Mercy Hospital St. Louis