UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CONWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-1113 RLW |
| | ) |
| MERCY HOSPITAL ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Supplemental Authorities (ECF No. 30) and Defendant's Motion for Leave to File Supplemental Authority (ECF No. 32). For the reasons below, the Court will deny the former and grant the latter.

Defendant has filed a motion for summary judgment arguing that it is exempt from liability for religious discrimination under Title VII. (ECF No. 15). Plaintiff has filed a response in opposition (ECF No. 19) and Defendant has filed a reply (ECF No. 25). Defendant has also filed two notices of supplemental authority in support of its motion for summary judgment. (ECF Nos. 28, 29). Plaintiff asserts that the Court must strike these notices because Defendant filed them without leave of Court. (ECF No. 30). Plaintiff also asserts that the purported supplemental authority is irrelevant to the issue at bar. *Id.* Defendant counters that the supplemental authority is directly on point and that leave is not required because the notices do not constitute "additional memoranda." (ECF No. 31).

Local Rule 4.01 provides that each party opposing a motion must file a memorandum in opposition and that the moving party may file a reply memorandum. E.D.Mo. L.R. 4.01(B).

Beyond that, [a]dditional memoranda may be filed by either party *only with leave of Court*." E.D.Mo. L.R. 4.01(C) (emphasis added).

The Court is not persuaded that Defendant's notices constitute "additional memoranda" requiring leave of Court.[1] Nevertheless, in response to Plaintiff's motion to strike, Defendant has filed a motion for leave to file its supplemental authority. (ECF No. 32). The Court will grant the motion for leave. Defendant need not refile its supplemental authority.[2] The Court will deny Plaintiff's motion to strike as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Supplemental Authority is **GRANTED**. (ECF No. 32). Defendant need not refile its supplemental authority.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Supplemental Authorities is **DENIED** as moot. (ECF No. 30).

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of September, 2023.

---

[1] Ironically, Plaintiff's motion violates Local Rule 4.01 in two ways. First, Plaintiff did not file a separate memorandum in support as required by the rule. Second, Plaintiff's motion contains extensive legal argument that would constitute "additional memoranda" requiring leave of Court.

[2] Plaintiff need not respond to Defendant's supplemental authority. The Court is capable of weighing the relevancy of the supplemental authority on its own.